JS 44
(Rev. 12/96)

# CIVIL COVER SHEET    B-01-032

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Albert Salazar - Pro Se
Ana Maria Turrubiates - Pro Se

## DEFENDANTS

COOPER TIRE & Rubber Company
Pep Boys - Manny, Moe & Jack of Delaware, Inc

United States District Court
Southern District of Texas
FILED

FEB 22 2001

Michael N. Milby
Clerk of Court

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Cameron
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Delaware
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Plaintiffs are representing themselves.

ATTORNEYS (IF KNOWN)

Garcia & Villarreal
JL Qude N. McColl
McAllen, TX. 78504

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 2 U.S. Government
Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☑ 4 Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                AND ONE BOX FOR DEFENDANT)

|                                           | PTF | DEF |                                                          | PTF | DEF |
|-------------------------------------------|-----|-----|----------------------------------------------------------|-----|-----|
| Citizen of This State                     | ☑1  | ☐1  | Incorporated or Principal Place of Business In This State | ☐4  | ☐4  |
| Citizen of Another State                  | ☐2  | ☐2  | Incorporated and Principal Place of Business In Another State | ☐5  | ☑5  |
| Citizen or Subject of a Foreign Country   | ☐3  | ☐3  | Foreign Nation                                           | ☐6  | ☐6  |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original
Proceeding

☑ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|----------|-------|--|--------------------|------------|----------------|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☑ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Jurisdiction based on diversity. 28 U.S.C. §1441 provides authority
for removal jurisdiction.

## VII. REQUESTED IN   COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ NO STATED Amount
BELIEVED TO BE $75,000 +

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ YES Removal ☐ NO

## VIII. RELATED CASE(S)   IF ANY   (See instructions):

JUDGE  TAGLE
NO LONGER PENDING. PREVIOUSLY DISMISSED BY STIPULAT.

DOCKET NUMBER  B-99-101

DATE  2/22/01

SIGNATURE OF ATTORNEY OF RECORD  F R Villa

## FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PRO SE-ALBERT SALAZAR | § | |
| | § | |
| PRO SE-ANA MARIA TURRUBIATES | § | |
| | § | |
| | § | |
| | § | **B-01-032** |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| THE PEP BOYS-MANNY, MOE & | § | |
| JACK OF CALIFORNIA, INC.; | § | |
| CORNELL CORPORATION; and | § | |
| COOPER TIRE & RUBBER | § | |
| COMPANY | § | |

## NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT JUDGE:

COMES NOW COOPER TIRE & RUBBER COMPANY and PEP BOYS-MANNY, MOE, & JACK OF DELAWARE, INC.(incorrectly named as The Pep Boys-Manny, Moe, & Jack of California, Inc. in Plaintiffs' Original Petition), Defendants in the above entitled and numbered cause, and file this their Notice of Removal of the present cause from the 197th Judicial District Court of Cameron County, Texas, in which it is now pending , to the United States District Court for the Southern District of Texas, Brownsville Division, showing the Court as follows:

1.    This cause was commenced in the 197th Judicial District Court, Cameron County, Texas on January 23,2001, when Plaintiffs' Original Petition was filed in Cause Number 2001-01-378-C.   Copies of all process, pleadings, and



orders served upon the Defendants in said cause are attached hereto as Exhibit "A" and are incorporated herein for all purposes to this Notice of Removal.

2.      Defendant Cooper Tire & Rubber Company was served with a copy of Plaintiffs' Original Petition on January 29, 2001.  Defendant Pep Boys – Manny, Moe & Jack of Delaware, Inc. was served with a copy of Plaintiffs' Original Petition on May 24, 1999.  On or about February 9, 2001 Defendant Cornell Corporation was served with a copy of Plaintiffs' Original Petition.

3.      The Plaintiffs' Original Petition filed in the 197th Judicial District Court, Cameron County, Texas which was assigned Cause No. 2001-01-378-C is identical to the Plaintiffs' Original Petition, which was previously filed by Plaintiffs on May 19, 1999 in the 357th Judicial District Court, Cameron County, Texas and assigned Cause No. 99-05-2325-E.  A copy of the Petition, which was filed in the 357th Judicial District Court is attached hereto as Exhibit "B".

4.      On June 18, 1999, Cause No. 99-05-2325-E was removed from the 357th Judicial District Court, Cameron County, Texas to the United States District Court for the Southern District of Texas, Brownsville Division and assigned Civil Action No. B-99-101. A copy of the Notice of Removal is attached hereto as Exhibit "C" and is incorporated herein as if fully set forth at length.

5.      This is a civil action for damages allegedly sustained by Plaintiffs as a result of two different automobile accidents involving two different automobiles on

---

Salazar v. Cooper Tire                    Notice of Removal                    Page-2-

CVISPDF - www.fesita.com

or about May 23,1997 and August 25, 1998, respectively. Plaintiffs allege causes of action for negligence, strict liability, and breach of warranty against Defendants.

6.     Plaintiffs allege in Plaintiffs' Original Petition that they are individuals residing in Cameron County, Texas. It must therefore be assumed that Plaintiffs are citizens of Texas.

7.     Defendant Cooper Tire & Rubber Company is a corporation, duly incorporated under the laws of the State of Delaware, with its principal place of business in Ohio.   Defendant Pep Boys-Manny, Moe & Jack of Delaware, Inc. (incorrectly named as The Pep Boys- Manny, Moe & Jack of California, Inc. in Plaintiffs' Original Petition) is a corporation, duly incorporated under the laws of the State of Delaware, with its principal place of business in Pennsylvania.   Cornell Corporation is a Texas Corporation;   however, as hereinafter set out, Defendant Cornell should not be considered as a defendant for purposes of determining diversity jurisdiction.

8.     Complete diversity exists in this case because Defendant Cornell Corporation was improperly or fraudulently joined by Plaintiffs for the assumed purpose of destroying diversity jurisdiction.   As a matter of law, there is no possibility that Plaintiffs will be able to establish a cause of action against the in-state defendant in state court.

9.     Plaintiffs have alleged in Plaintiffs' Original Petition that Defendant Cornell Corporation was "engaged in the business of distributing, selling, selecting

---

and installing tires." However, the Cornell Corporation improperly or fraudulently joined as a defendant in this lawsuit is an oil company and has nothing to do with distributing, selling, selecting and installing tires. Attached hereto as Exhibit "D is a letter from Cornell corporation's president advising Plaintiffs' counsel of same. Further, Plaintiffs previously recognized that Defendant Cornell Corporation was an improper party to this action as more fully set out in Plaintiffs' Motion for Dismissal of Defendant Cornell Corporation and Plaintiffs' Motion for Leave to File Amended Pleading both of which are attached hereto as Exhibit "E" and "F" respectively and incorporated herein as if fully set forth at length.

10.     Under the substantive law of the State of Texas, the undisputed facts demonstrate conclusively and as a matter of law that Plaintiffs will not be able to establish a cause of action against Defendant Cornell Corporation in state court. Therefore, Defendant Cornell Corporation should be disregarded as a defendant for purposes of establishing diversity jurisdiction. Therefore, for the purposes of federal removal jurisdiction pursuant to 28 U.S.C. § 1441, complete diversity of citizenship exists between the adverse parties in the present cause.

11.     Upon filing of this Notice of Removal of this cause, written notice of the filing by petitioner to Plaintiffs has been provided as required by law. A copy of this notice is also being filed with the Clerk of the state court in which this cause was originally filed.

---

12.    Defendant would further show the Court that while Plaintiffs have not set forth a specific amount of damages that they are seeking in Plaintiffs' Original Petition, based on the nature of the injuries and damages alleged, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

13.    This Notice of Removal is timely filed in accordance with 28 U.S.C. §1441(b), in that it is filed within thirty (30) days of the date of service of Plaintiffs' Original Petition upon the first-served Defendant.

14.    Defendants hereby request a trial by jury. Defendants' Notice of Removal is procedurally correct.  All necessary Defendants who have been served join in the removal of this action.

WHEREFORE PREMISES CONSIDERED, Petitioners prays for removal of the above-entitled and numbered cause from the 197th Judicial District Court of Cameron County, Texas to this Honorable Court.

Respectfully submitted,

**GARCIA & VILLARREAL, L.L.P.**
4401 North McColl
McAllen, Texas 78504
Telephone No.: (956) 630-0081
Telecopier No.: (956) 630-3631

By: _____

     Jose E. Garcia
     State Bar No. 07636780
     Federal Bar No.: 3934
     Francisco R. Villarreal
     State Bar No.:00789706
     Fed. Bar No.: 200811
**ATTORNEYS FOR DEFENDANT
COOPER TIRE AND RUBBER CO. AND
PEP BOYS- MANNY, MOE & JACK OF
DELAWARE, INC.**

### CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been delivered on this the 22nd day of February, 2001, to the following parties of record:

    Albert Salazar (Pro Se)
    654 Eastwood Ct.
    Brownsville, Texas 78521

    Ana Maria Turrubiates (Pro Se)
    447 Rey Juan Carlos
    Brownsville, Texas 78521

_____
    Francisco R. Villarreal

---

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PRO SE-ALBERT SALAZAR | § | |
| | § | |
| PRO SE-ANA MARIA TURRBIATES | § | |
| | § | |
| V. | § | CIVIL ACTION NO. **B - 01 - 032** |
| | § | |
| THE PEP BOYS-MANNY, MOE & | § | |
| JACK OF CALIFORNIA, INC.; | § | |
| CORNELL CORPORATION; and | § | |
| COOPER TIRE & RUBBER | § | |
| COMPANY | § | |

## NOTICE TO THE PLAINTIFFS OF FILING OF NOTICE OF REMOVAL

TO: Plaintiff, ALBERT SALAZAR (Pro Se), 654 Eastwood Ct., Brownsville, Texas 78521 and ANA MARIA TURRUBIATES (Pro Se), 447 Rey Juan Carlos, Brownsville, Texas 78521:

PURSUANT to Title 28 U.S.C., Section 1446(d), as amended, you are hereby notified that on the 22nd day of February, 2001 in the above styled and numbered cause (being Cause Number 2001-01-378-C in the 197th Judicial District Court of Cameron County, Texas), COOPER TIRE & RUBBER COMPANY and PEP BOYS-MANNY, MOE, JACK OF DELAWARE, INC. (incorrectly named as The Pep Boys – Manny, Moe & Jack of California, Inc. in Plaintiffs' Original Petition) filed their Notice of Removal in the United States District Court for the Southern District of Texas, Brownsville Division. Copies of such Notice and other papers served in said cause are attached hereto.



Respectfully submitted,

**GARCIA & VILLARREAL, L.L.P.**
4401 North McColl
McAllen, Texas 78504
Telephone No.: (956) 630-0081
Telecopier No.: (956) 630-3631

By: _____
       Jose E. Garcia
       State Bar No. 07636780
       Federal Bar No.: 3934
       Francisco R. Villarreal
       State Bar No.:00789706
       Fed. Bar No.: 200811
**ATTORNEYS FOR DEFENDANT
COOPER TIRE AND RUBBER
COMPANY AND PEP BOYS- MANNY,
MOE & JACK OF DELAWARE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered on this the 22nd day of February, 2001, to the following parties of record:

Albert Salazar (Pro Se)
654 Eastwood Ct.
Brownsville, Texas 78521

Ana Maria Turrubiates (Pro Se)
447 Rey Juan Carlos
Brownsville, Texas 78521

_____
       Francisco R. Villarreal

---

CAUSE NO. 2001-01-378-C

FILED 4:55 O'CLOCK P M
AURORA DE LA GARZA DIST. CLERK

JAN 23 2001

DISTRICT COURT OF CAMERON COUNTY, TEXAS

PROSE -ALBERT SALAZAR                    )    IN THE DISTRICT COURT
                                         )
                                         )
PROSE-ANA MARIA TURRBIATES               )
                                         )
                                         )
VS.                                      )    OF CAMERON COUNTY ,
                                         )    TEXAS  197th
                                         )
THE PEP BOYS-MANNY, MOE & JACK           )
OF CALIFORNIA, INC. CORNELL              )
CORPORATION AND COPER TIRE &             )
RUBBER COMPANY                           )

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, ANA MARIA TURRUBIATES INDIVIDUALLY AND AS

NEXT FRIEND OF JOSE DAVID TURRBIATES AND MIGUEL TURRUBIATES,

MINORS AND ALBERT SALAZAR hereinafter called Plaintiff's, complaining of THE

PEP BOYS-MANNY. MOE & JACK OF CALIFORNIA, INC., hereinafter referred to as

"Pep Boys", CORNELL CORPORATION AND COOPER TIRE & RUBBER

COMPANY, hereinafter called Defendants, and for cause of action would respectfully

show unto this Honorable Court the following:

I.

Plaintiffs are individual residing is filed as a Level III case under the provisions of

Texas Rules Civil Procedure 190.4 (a).

Plaintiffs are individual residing in Cameron County, Texas.

Defendant THE PEP BOYS-MANNY,MOE & JACK OF CALIFORNIA, INC. is
a corporation authorized to conduct business in the State of Texas with its principal office

# EXHIBIT _A_

Richardson, Texas, and may be served with process by serving its agent for service, Corporation Service Company, 800 Brazos Austin, Texas 78701.

Defendant CORNELL CORPORATION is a corporatoin authorized to conduct business in the State of Texas and may be served with process by serving its agent for service, Ms. Nancy McGee, 13355 Noel Road, #1800, Dallas, Texas 75240.

Defendant COOPER TIRE & RUBBER COMPANNY is a Delaware Corporation qualified to conduct business in the State of Texas and may be served with process by serving its agent for service, C. T. Corporation Systems, 359 N. St. Paul Street, Dallas, Texas 75201.

II.

Plaintiffs file this suit for enforcement of claims against the defendant THE PEP BOYS - MANNY, MOE & JACK OF CALIFORNIA, INC., Cornell Corporation, AND COOPER TIRE & RUBBER COMPANY pursuant to the common law of the State of Texas including but not limited to those claims arising from acts of negligence, and breach of expressed and implied contracts, as well as breach of expressed and implied warranties, including but not limited to those covered by the Texas Deceptive Trade Practices Act and breach of the duty to reasonably warn the foreseeable users and consumers of their products. Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company had reason to know the particular purpose for which its product was required; and Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company had reason to know that the buyer was relying on the skill and judgment of Pep Boys to select or furnish a suitable product; and the product supplied by Pep Boys was unfit for the particular purpose for which it was purchased.

III.

The event made the subject of this suit, hereinafter called the tire failures took place on May 23, 1997 and August 25, 1998. Plaintiffs ANA MARIA TURRUBIATES INDIVIDUALLY AND AS NEXT FRIEND OF JOSE DAVID TURRUBIATES AND MIGUEL TURRUBIATES, MINORs were injured on August 25, 1998, when she was driving a van owned by her husband. Plaintiff took the said van to Pep Boys, on August 24, 1998, to install new tires. Pep Boys installed the new tires Cornell manufactured by Cooper Tire & Rubber Company on the van and Pep Boys were paid for their services which included payment for road hazard insurance.

Plaintiff ALBERT SALAZAR was injured on May 23, 1997, when he was driving his Cadillac Fleetwood when the Cornell tires manufactured by Cooper Tire & Rubber Company and selected and installed by Pep Boys failed causing a severe accident.

Plaintiffs were severely injured when their vehicle went out of control because of the failure of the recently installed Cornell tires. Said newly installed tires by Pep Boys failed in normal use causing plaintiffs' vehicles to go out of control causing severe injuries and damages to Plaintiffs as hereinafter set out with more particularity.

At all times material hereto, Defendants Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company were engaged in the business of distributing, selling, selecting and installing tires. At the time of accident, the tires were essentially in the same condition it was in when placed into the stream of commerce to be purchased by consumers such as the plaintiffs. Plaintiffs say that the new tires intalled in the vehicle they were driving failed during normal and foreseeable uses, were in defective condition and unreasonably dangerous when it failed and caused the vehicles to go out of control causing an accident injurying all plaintiffs. This dangerous condition was the proximate cause of the injuries of Plaintiffs as set out herein.

In the alternative, Plaintiff says that when the tires involved in the accident were sold to plaintiffs by Defendant Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company impliedly and expressly, warranted and guaranteed that the tires were safe for the use by persons operating and riding vehicles in the manner in which it was being operated at the time of the accident. Defendant further warranted that the tires were free from any defects in design, workmanship, construction, inspection, servicing and material; that such tires were appropriately sized and selected for installation; the tires would perform the actual service for which it was designed; and, was of such quality that it would not fail under foreseeable uses and cause injury or damages. These warranties were breached by Defendant Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company.

Through the Defendants' advertising programs, in which they solicit the public to purchase the above described tires which they distribute, sell and install, the Defendants Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company warrants and guarantees that the tires has been properly constructed, is suitable for its purpose and safe to use. Plaintiffs as foreseeable users, relied upon the Defendant Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company warranties and guarantees. Defendants Pep Boys, Cooper Tire & Rubber Company and Cornell Corporation breached such warranties.

Defendants Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company owed a duty to distribute, sell and install safe tires such as the ones described above so as to not cause injuries or damages to the general public including Plaintiffs.

Defendants Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company violated their duty when they distributed, sold and installed the defective tires as described hereinabove. It was foreseeable that Plaintiffs could be injured or suffer damages as a result of the acts or

omission to act of defendants Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company. Such acts or omissions being the actual and proximate cause of the injuries and damages complained of.

IV.

Additionally, Plaintiffs say that Defendants Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company are guilty of negligence and gross negligence in distributing, selling and installing defective tires including but not limited to:

1.  in failing to warn the public of the defect or defects in the tires described above;

2.  In failing to install adequate safety devices, that is a reasonable safe vehicle tire;

3.  in using and installing safety devices, that is, new vehicle tires, which failed in use;

4.  in failing to measure up to, or meet accepted industry standards, that is, to provide tires which would not fail during foreseable uses; and,

5   in failing to provide for plaintiffs' safety under the circumstances, that is to provide a safe tires.

Defendants Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company failed to place or cause to be placed, an adequate warning of any kind on or about said tires which would have alerted Plaintiffs and others of the danger of the tires causing vehicles to go out of control resulting in damages and injuries to those using said tires in their vehicles during normal use. It was readily foreseeable that a person using the tires, such as the tires complained of herein, would be involved and used on the roadways. This failure to warn Plaintiffs was a proximate cause of the injuries to them. The total want of care and the utter disregard of duty, while the Defendant Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company knew or should have known of the unsafe condition of the tires during use, exhibits and reflects a total

want of care, and a conscious and willful indifference to the life and safety of Plaintiffs as well other persons.

## V.

Plaintiffs say further it was reasonably foreseeable that the tires could fail and that without proper installation an accident and injuries could occur. It was reasonably foreseeable that the tires would be used on the roadways. The failure of the Defendants' vehicle to provide safe and proper equipment to prevent loss of control, wrecks, and resulting injuries made the tires herein described unreasonably dangerous for its intended use. The failure of said tires to prevent loss of control, wrecks and resulting injuries was a proximate cause of the injuries to Plaintiffs.

Plaintiffs would show that the Defendants Pep Boys, Cornell Corporation, and Cooper Tire & Rubber Company by their acts and failure to act, in misrepresenting and allowing such defective products in the stream of commerce and more particularly for the use upon the roadways exhibited a willful and wanton disregard for the life and safety of Plaintiffs and other persons similarly situated.

At the time they were manufactured and at all times thereafter, the tires were not as warranted but rather were defective such that it was not fit for the purpose for which it was to be used, it would not pass without objection in the trade, and it was not free from defects. As a result of Defendants' breach of warranties, Plaintiff bring this cause of action pursuant to §17.50 and all relevant provisions of the Deceptive Trade Practices Consumer Protection Act, under the provision of Title 1, Chapter 2 of the Business and Commerce Code, and under the common law rules of warranty as follows:

(1)     The use or employment by any person of a false, misleading, or deceptive act or practice that is specifically enumerated in a subdivision of Subsection (b) of Section 17.46 of this subchapter;

(2)     breach of an express or implied warranty, that is, that the tires were in safe condition for use and operation during foreseeable uses; and,

(3)     any unconscionable action or course of action by any person.

The nature, scope and extent of the operation of Defendants Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company and other distributors and/or sellers similarly situated requires a significant award of punitive damages if said Defendants Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company and other similar entities are to take heed and be influenced by said award, to conduct their business and to prevent tires being installed to vehicles which cause loss of control from being utilized without due regard and concern for those persons similarly situated who might be using such tires.

## VI.

Plaintiff, ANA TURRUBIATES, would show that by reason of the injuries sustained as above alleged, Plaintiff Ana Turrubiates suffered serious and painful injuries to her neck, lower back, right shoulder and body in general including mental anguish and suffering.   Ana Turrubiates has suffered, suffers, and will continue to suffer permanent physical impairment to her body as a whole as a result of the injuries sustained as above.  By reason of the foregoing Plaintiff has been damaged by the Defendants in an amount in excess of the minimum jurisdictional limits of this court.

Plaintiff, MIGUEL TURRUBIATES, would show that by reason of the injuries sustained as above alleged, Plaintiff Miguel Turrubiates suffered serious and painful injuries to his neck, lower back and body in general including mental anguish and suffering. Miguel Turrubiates has suffered, suffers, and will continue to suffer permanent physical impairment to his body as a whole as a result of the injuries sustained as above. By reason of the foregoing Plaintiff has been damaged by the Defendants in an amount in excess of the minimum jurisdictional limits of this court.

Plaintiff, JOSE DAVID TURRUBIATES, would show that by reason of the injuries sustained as above alleged, Plaintiff Jose David Turrubiates suffered serious and painful injuries to his neck, lower back and body in general including mental anguish and suffering. Jose David Turrubiates has suffered, suffers, and will continue to suffer permanent physical impairment to his body as a whole as a result of the injuries sustained as above. By reason of the foregoing Plaintiff has been damaged by the Defendants in an amount in excess of the minimum jurisdictional limits of this court.

Plaintiff, ALBERT SALAZAR, would show that by reason of the injuries sustained as above alleged, Plaintiff Albert Salazar suffered serious and painful injuries to her neck, lower back and body in general including mental anguish and suffering. Albert Salazar has suffered, suffers, and will continue to suffer permanent physical impairment to his body as a whole as a result of the injuries sustained as above. By reason of the foregoing Plaintiff Albert Salazar has been damaged by the Defendants in an amount in excess of the minimum jurisdictional limits of this court.

## VII.

Plaintiffs Ana Maria Turrubiates and Albert Salazar were gainfully employed. For sometime they have been unable to do the usual work they are accustomed to doing because of their physical injuries. Such work they have been able to do and will be able to do in the future, have been or will be done under the handicap of pain and suffering. For the balance of their life, it is reasonably probable that their earning capacity will be diminished, and that they will suffer a physical impediment. Their injuries and the effects thereof, are in reasonable probability of a lasting nature, and will handicap they for the balance of their life.

On account of the nature, seriousness, and severity of Plaintiffs' injuries, Plaintiffs have required medical care, nursing services, psychological and psychiatric care. They have been required to pay and incur liability to pay the charges which have been and will be made for such medical care services, nursing services, psychological and psychiatric care services. It is reasonably probable that they will require additional medical attention for medical care, nursing, psychological and psychiatric care service and/or hospital services, and that they will be required to pay and incur liability to pay the charges which will be made for such services.

The charges which have been and will be made for services rendered to Plaintiffs have represented and will represent the usual, reasonable, and customary charges for like or similar services in the vicinity where they have been and will be rendered. All of these services, both past and future, have been and will be made necessary in connection with the proper treatment of the injuries sustained and suffered by Plaintiffs as a result of the accident.

Plaintiffs would further show that in the event they had pre-existing conditions in their body prior to the incident made the basis of this suit, that such conditions were aggravated and/or re-injured and worsened by the injuries sustained as a result of the negligence of the Defendants.

### VIII.

On the date of the occurrence in question, Plaintiff ANA TURRUBIATES was a woman of the age of 31 and had a life expectancy in excess of 49.1 according to the U.S. Life Tables of 1990.

On the date of the occurrence in question, Plaintiff MIGUEL TURRUBIATES was a young man of the age of 8 years and had a life expectancy in excess of 64.8 according to the U.S. Life Tables of 1989.

On the date of the occurrence in question, Plaintiff JOSE DAVID TURRUBIATES was a boy of the age of 2 years and had a life expectancy in excess of 71.6 according to the U.S. Life Tables of 1989.

On the date of the occurrence in question, Plaintiff ALBERT SALAZAR was a woman of the age of 44 and had a life expectancy in excess of 32.5 according to the U.S. Life Tables of 1990.

Plaintiffs seek pre-judgment interest on any money damages awarded to him, either in general damages or special damages plead herein, including, but not limited to, general damages, punitive damages, and reasonable attorney's fees.

### X.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendant be cited to appear and answer herein; that upon trial of this cause the Plaintiffs have and recover of from

The Defendant judgement to compensate them for the injuries they suffered as a result of the negligence of the Defendant. Plaintiffs seek compensatory damages and punitive damages as provided by the Laws of the State of Texas for the above described breaches in providing defective vehicles, punitive damages and if appropriate attorney's fees. As against the Defendant, plaintiffs seek damages against the Defendant for costs of Court expended and for such other and further relief, both general and special at law or in equity to which they may show himself to be justly entitled.

Respectfully submitted on this the 23th day of January 2001.

PROSE-
ALBERT SALAZAR
654 EastWood Ct.
Brownsville, TX 78521
(956) 546-1370

Albert Salazar

PROSE
ANA MARIA TURRUBIATES
447 Rey Juan Carlos
Brownsville, TX 78521

Ana Maria Turrubiates

Citation for Personal Service  - BY CERTIFIED MAIL      Lit. Seq. # 5.004.01

No. 2001-01-000378-C                    **ORIGINAL**

T H E    S T A T E    O F    T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued thi citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may b taken against you.

TO: COPER TIRE & RUBBER COMPANY
    BY SERVING IT'S AGENT
    FOR SERVICE, C.T. CORPORATION
    SYSTEMS, 359 N. ST PAUL ST.
    DALLAS, TEXAS 75201

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 197th Judicial District of Cameron County, Texas at the Courthouse of sai county in Brownsville, Texas.  Said _____PETITION_____ was filed on  JANUARY 23, 2001 .  A copy of same accompanies this citation.

The file number of said suit being No. 2001-01-000378-C.

The style of the case is:

ALBERT SALAZAR
VS.
THE PEP BOYS-MANNY, MOE, & JACK OF CALIFORNIA, INC.

Said petition was filed in said court by _____ALBERT SALAZAR_____ (Attorney for _____PLAINTIFF_____), whose address is 654 EASTWODD CT. BROWNSVILLE, TEXAS   78521

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 24th day of  JANUARY ,A.D.,2001.

BY CERTIFIED MAIL          Lit. Seq. # 5.003.01

Citation for Personal Service

No. 2001-01-000378-C

ORIGINAL

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: CORNELL CORPORATION
BY SERVING IT'S AGENT FOR
SERVICE: MS NANCY MCGEE,
13355 NOEL ROAD, #1800
DALLAS, TEXAS 75240

the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 197th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETITION _____ was filed on JANUARY 23, 2001 .  A copy of same accompanies this citation.

The file number of said suit being No. 2001-01-000378-C.

The style of the case is:

ALBERT SALAZAR
VS.
THE PEP BOYS-MANNY, MOE, & JACK OF CALIFORNIA,INC.

Said petition was filed in said court by _____ (Attorney for _____ PLAINTIFF _____ ALBERT SALAZAR 654 EASTWODD CT. BROWNSVILLE,TEXAS  78521 ), whose address is

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly

Case 1:01-cv-00032   Document 1   Filed in TXSD on 02/22/2001   Page 23 of 103

Citation for Personal Service  - BY CERTIFIED MAIL   Lit. Seq. # 5.003.01

No. 2001-01-000378-C

ORIGINAL

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: CORNELL CORPORATION
BY SERVING IT'S AGENT FOR
SERVICE: MS NANCY MCGEE,
13355 NOEL ROAD, #1800
DALLAS, TEXAS 75240

the      DEFENDANT      , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 197th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said      PETITION      was filed on JANUARY 23, 2001 .  A copy of same accompanies this citation.

The file number of said suit being No. 2001-01-000378-C.

The style of the case is:

ALBERT SALAZAR
VS.
THE PEP BOYS-MANNY, MOE, & JACK OF CALIFORNIA, INC.

Said petition was filed in said court by      ALBERT SALAZAR
(Attorney for      PLAINTIFF      ), whose address is
654 EASTWODD CT. BROWNSVILLE, TEXAS   78521                          .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 24th day of JANUARY , A. D. 2001.

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.002.01

No. 2001-01-000378-C

T H E   S T A T E   O F   T E X A S            **ORIGINAL**

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: THE PEP BOYS-MANNY,MOE, & JACK
    BY SERVING IT'S REGISTERED
    AGENT:
    COPORATION SERVICE COMPANY
    800 BRAZOS AUSTIN, TEXAS 78701

the        DEFENDANT       , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 197th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said        PETITION        was filed on JANUARY 23, 2001 .  A copy of same accompanies this citation.

The file number of said suit being No. 2001-01-000378-C.

The style of the case is:

ALBERT SALAZAR
VS.
THE PEP BOYS-MANNY, MOE, & JACK OF CALIFORNIA,INC.

Said petition was filed in said court by        ALBERT SALAZAR
(Attorney for            PLAINTIFF            ), whose address is
654 EASTWODD CT. BROWNSVILLE,TEXAS  78521

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 24th day of JANUARY , A.D. 2001.

U.S. Postal Service

CAUSE NO. 2001-01-378-C

FILED 4:55 O'CLOCK P M
AURORA DE LA GARZA DIST. CLERK

JAN 23 2001

DISTRICT COURT OF CAMERON COUNTY TEXAS
CLERK

§
§
§
§
§
§

## AFFIDAVIT OF INABILITY TO PAY COSTS

THE STATE OF TEXAS       §

      §

COUNTY OF CAMERON       §

BEFORE ME, the undersigned authority, on this day personally appeared ALBERT SALAZAR, known to me, who, being by me duly sworn, deposed and said on his oath that:

1.  He is of the age of majority and of sound mind, capable of making this affidavit, and having personal knowledge of the facts stated therein.

2.  He submits this affidavit in support of a claim of indigency, in



Case 1:01-cv-00032    Document 1    Filed in TXSD on 02/22/2001    Page 26 of 103

FILED 4:55 O'CLOCK P M
AURORA DE LA GARZA DIST CLERK

JAN 2 3 2001

DISTRICT COURT OF CAMERON COUNTY TEXAS

CAUSE NO. 2001-01-378-C

§
§
§
§
§
§

## AFFIDAVIT OF INABILITY TO PAY COSTS

THE STATE OF TEXAS      §
                        §
COUNTY OF CAMERON       §

BEFORE ME, the undersigned authority, on this day personally appeared ALBERT SALAZAR , known to me, who, being by me duly sworn, deposed and said on his oath that:

1.  He is of the age of majority and of sound mind, capable of making this affidavit, and having personal knowledge of the facts stated therein.

2.  He submits this affidavit in support of a claim of indigency, in accordance with the Texas Rules of Civil Procedure 145, whereby the District Court shall issue process and perform all other services required of the Clerk.

3.  He is too poor to pay the costs of court and is unable to give security, therefore, as evidenced by Exhibit "A", which is annexed hereto and incorporated by reference herein.

4.  He has read this affidavit and the said Exhibit and by executing this affidavit, states that the above and foregoing is true and correct in all particulars.

**name** ALBERT SALAZAR

**address** 654 EastWood Ct.
Brownsville, Texas 78521

## QUESTIONNAIRE IN SUPPORT OF AFFIDAVIT OF INABILITY

1. Are you presently employed? Yes _____ No XXX

   (a) If the answer is "YES", state the amount of your salary or wages per month, and give the name and address of your employer.

   _____

   (b) If the answer is "NO", state the date of last employment and the amount of the salary and wages per month which you received.

   _____ SELFEMPLOYED May 23, 1997 $2000.00 Monthly

2. Are you presently receiving public assistance (welfare) (food stamps) payments?
   Yes XXX No _____

   If so, state the amount of such payments: $ 130.00 per month.

3. Have you received within the past twelve months any money from any of the following sources?

   (a) Business profession, or form of self-employment? YES _____ NO XXX

   (b) Rent payments, interest or dividends? YES _____ NO xxx

   (c) Pensions, annuities, or life insurance payments? YES _____ NO XXX

   (d) Gifts or inheritances? YES _____ NO xxx

   (e) Any other sources? YES _____ NO XXX

   If the answer to any of the above is "YES", describe each source of money and state the amount received from each during the past twelve months.

4. Do you own any cash, or do you have money in a checking or savings account?
   YES _____ NO xxx

   If the answer is "YES", state the total value of the items owned.

   _____

5. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? YES XXX NO _____
   If the answer is "YES" describe the property and state its approximate value.

   _____ Automobile Station Wagon _____

6. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute, toward their support.

   _____ NONE _____

7. Have you hired an attorney to represent you? Who has paid for such services or who shall pay for such services? YES _____ NO XXX

   I UNDERSTAND THAT A FALSE STATEMENT OR ANSWER TO ANY QUESTIONS IN THIS AFFIDAVIT WILL SUBJECT ME TO PENALTIES FOR PERJURY.

   _Albert Salazar_

SWORN AND SUBSCRIBED TO BEFORE ME, on the _23rd_ day of
JANUARY _____, _2001_ , to certify which witness my hand and seal of office.



NOTARY PUBLIC, State of Texas

CLIENT HAS BEEN ADVICE THAT NOTARY CAN NOT REPRESENT HIM IN COURT
OR ANY PROCESS AS A REPRESENTATIVE. I CAN ONLY NOTARIZE.

DATE: 01-23-01

RE:   Cause No. 2001-01-378-C

_____

VS

_____

Enclosed for filing, please find the following:

_____ Plaintiff's Original Petition.
_____ Plaintiff's _____ Amended Original Petition.
_____ Defendant's Original Answer.
_____ Defendant's _____ Amended Original Answer.
_____ _____ Interrogatories to _____.
_____ Plaintiff's Answers to _____ Interrogatories.
_____ Our firm check in the amount of $_____ For court costs.
_____ Motion _____.
_____ Order _____.
_____ Judgment _____.
_____ Notice of Taking of Oral Deposition of _____.
_____ Notice of Taking of Deposition by Written Questions of
        _____.
_____ Jury Fee deposit of $30.00.
_____ Other: Request for Issuance of Order to Withhold Earnings.
        $25.00 Fee.

Please indicate below the indicated action:

_____ Prepare the Abstract of Judgment - $8.00 fee paid by ___.
_____ Prepare Writ of Execution - $8.00 fee paid by _____.
_____ Prepare Order of Sale - $8.00 fee paid by _____.
_____ File among the papers in the above styled and numbered
        cause.
_____ Prepare Citation and return for out-of-county service.
_____ Prepare Citation and have Defendant(s) served by
        Sheriff's office.
___✓___ Prepare citation and serve Defendant (s) by Certified
        Mail, Return Receipt Requested.

_____
Attorney's Signature

**PLEASE PREPARE**   Cause Number: 2001-01-3 4-C

Folder/Docket Sheet/F&D-S/Other: _____ Confidential: _____

"Stickers": _____ 's Motion _____

Atty ID No: 0045036 | Category: 10 | Children: _____

Cit/Prec/Writ: 3 | Issues: 01-236 | Shf/Atty/CM: 3

Cit/Prec/Writ: _____ | Issues: _____ | Shf/Atty/CM: _____

Postage Fee on Service Issued: Cert. Mail $ _____  Reg. Mail $ _____

Date Bond Approved _____  **PAUPER'S OATH FILED**

Deposit $ _____  Paid on: _____ By _____

Deposit $ _____  Paid on Court Cost Adjudged By _____

Jury $ _____  Paid on Against _____ By _____

Return to: _____

# CIVIL DOCKET - JUDGE'S ENTRIES

## RULE 26-TRCP

| NAME OF PARTIES | ATTORNEYS | KIND OF ACTIO |
|---|---|---|
| ALBERT SALAZAR & ANA MARIA TURRBIATES<br><br>VS<br><br>THE PEP BOYS-MANNY, MOE, & JACK OF CALIFORNIA, INC. | 60450301<br>ALBERT SALAZAR<br>654 EASTWOOD CT.<br>BROWNSVILLE, TEXAS    78521 0000 | (10)<br><br>DAMAGES |

| DATE OF ORDERS | COURT'S DOCKET (Rule 26, TRCP) |
|---|---|
|  |  |

DATE: 2/19/01

MEMORANDUM TO COURT CLERK/DEPUTY: _____ RE: NO. 2001-01-32-A

_____ Docket _____ and present _____ to Judge.

_____ Title Order

_____ Issue Process ____ Make D.E. ____ Make notation on Order of process issued.

_____ Give to ___ Sheriff ___ Attorney ___ the ___ JURY

_____ Send copies to attorneys or parties entitled to copy.

_____ After issuing service, return to Main Office for Fee, D&F&DE

_____ Transfer to Jury Docket

_____ Jury Fee Paid by ___ Frances Villareal On 2/19/01

_____ Other

# GARCIA & VILLARREAL, L.L.P.

### A T T O R N E Y S   A T   L A W

José E. Garcia
Francisco R. Villarreal
Gina Karam Millin
Michael Pruneda

4401 N. McColl Rd.
McAllen, TX 78504

Telephone: 956-630-0081
Facsimile: 956-630-3631

February 19, 2001

Ms. Aurora De la Garza
Cameron County District Clerk
Cameron County Courthouse
974 E. Harrison
Brownsville, Texas 78539

[VIA HAND DELIVERY]

Re:    Cause No.: 2001-01-378-C
Prose-Albert Salazar, Prose-Ana Maria Turrubiates v. The Pep Boys-Manny, Moe & Jack of California, Inc. Cornell Corporation and Cooper Tire & Rubber Company, In the 197th District Court of Cameron County, Texas

Dear Ms. De la Garza:

Enclosed please find for filing an original and one copy of the following document in connection with the above-referenced matter:

1.    DEFENDANTS' MOTION TO TRANSFER VENUE, AND SUBJECT THERETO, ORIGINAL ANSWER AND JURY DEMAND

Please file the original document among the Court's papers in the above cause, and file-stamp the copies and return them to our office via our courier.

By copy of this letter, copies of the foregoing document are being forwarded to all counsel of record.

Thank you for your usual courtesies and thoughtful cooperation.

Sincerely,

GARCIA & VILLARREAL, L.L.P.

Francisco "Pancho" Villarreal

FRV:mgg
Enclosure

Ms. Aurora De la Garza
February 19, 2001
Page 2


cc:    Albert Salazar (Pro Se)
       654 Eastwood Ct.
       Brownsville, Texas 78521

       Ana Maria Turrubiates (Pro Se)
       447 Rey Juan Carlos
       Brownsville, Texas 78521

CVisPDF - www.fasiio.com

CAUSE NO. 2001-01-378-C

| PROSE-ALBERT SALAZAR | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| PROSE-ANA MARIA TURRBIATES | § | |
| | § | |
| V. | § | CAMERON COUNTY, TEXAS |
| THE PEP BOYS-MANNY, MOE & JACK | § | |
| OF CALIFORNIA, INC. CORNELL | § | |
| CORPORATION AND COOPER TIRE & | § | |
| RUBBER COMPANY | § | 197TH DISTRICT COURT |

## DEFENDANTS' MOTION TO TRANSFER VENUE, AND SUBJECT THERETO, ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW COOPER TIRE & RUBBER COMPANY and PEP BOYS-MANNY, MOE & JACK OF DELAWARE, INC. (incorrectly named as The Pep-Boys-Manny, Moe & Jack of California, Inc. in Plaintiffs' Original Petition), Defendants in the above-entitled and numbered cause, and, prior to filing their Original answer and Jury Demand in this cause, file this their Motion to Transfer Venue, pursuant to Section 15.002 of the Texas Civil Practices & Remedies Code and rule 86 of the Texas rules of Civil Procedure, and in support therof would show the court as follows:

## MOTION TO TRANSFER VENUE

1.      Defendants object to venue in Cameron County, Texas, on the ground that said county is not a county where venue of this action is proper, and no basis exists mandating or permitting venue of the action in said county. Cameron County is not a county of proper venue because Defendants do not have a principal office in Cameron county, upon information and belief the cause of action did not accrue in Cameron

County, and no mandatory or permissive exception authorizes the maintenance of the action against Defendants in Cameron County.

2.     Defendants would further show the Court that Defendant Cooper Tire & Rubber company is a Delaware Corporation, with its principal office in Ohio, and Defendant Pep Boys-Manny, Moe & Jack of Delaware, Inc. is a Delaware corporation with its principal office in Pennsylvania.  The venue provision of Tex. Civ. Prac. & Rem. Code §15.002 states that all lawsuits shall be brought:

(1)     In the county in which all or a substantial part of the events or omissions giving rise to the claim occurred; or

(2)     In the county of defendant's residence at the time the cause of action accrued if defendant is a natural person; or

(3)     In the county of the defendant's principal office in this state, if the defendant is not a natural person; or

(4)     If (1), (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

3.     Defendants would show that Plaintiffs have failed to set forth any allegations in Plaintiffs' Original Petition setting forth the facts upon which Plaintiffs claim that venue is allegedly proper in Cameron County, Texas.  However, to the extent Plaintiffs' Original Petition may contain such venue allegations, Defendants specifically deny same.  Defendants would show that, if a cause of action against them exists, which is denied, the cause of action does not exist in Cameron county, as that term is defined by Tex. Civ. Prac. & Rem. Code §15.001, at the time this action was instituted or at any time relevant to this cause of action.  Upon information and belief, Defendants

**DEFENDANTS' MOTION TO TRANSFER VENUE,**                    **Page 2**
**AND SUBJECT THERETO, ORIGINAL ANSWER**
**AND JURY DEMAND**

also specifically deny that the incident involving plaintiff Albert Salazar which gives rise to the claims alleged in Plaintiffs' Original Petition accrued in Cameron County, Texas.

4.      Defendants futher aver that venue is proper in Dallas County, Texas, in that it is the county where a defendant has a principal office in this state for purposes of venue under Texas law.

5.      Defendants request that this action be transferred to a district court of Dallas, County, Texas.

WHEREFORE, Defendants request that this Court grant Defendants' motion to transfer venue and transfer such cause to Dallas County, taxing costs incurred herein against Plaintiffs; and that defendants have such other and further relief to which they may show themselves justly entitled to receive.

## ORIGINAL ANSWER AND JURY DEMAND
## SUBJECT TO MOTION TO TRANSFER VENUE

COME NOW COOPER TIRE & RUBBER COMPANY and PEP BOYS-MANNY, MOE & JACK OF DLEAWAR, INC. (incorrectly names as The Pep boys-Manny, Moe & Jack of California, Inc. in Plaintiffs' Original Petition), Defendants in the above-entitled and numbered cause, and, subsequent to filing their Motion to Transfer Venue, file this their Original Answer and Jury Demand Subject to Motion to Transfer Venue in response to Plaintiffs' Original Petition, and in support thereof, would show the court as follows:

## GENERAL DENIAL

6.      Defendants Cooper Tire & Rubber Company and Pep Boys – Manny, Moe, & Jack of Delaware, Inc. ( incorrectly named as The Pep Boys – Manny, Moe &

**DEFENDANTS' MOTION TO TRANSFER VENUE,**                    **Page** 3
**AND SUBJECT THERETO, ORIGINAL ANSWER**
**AND JURY DEMAND**

Jack of California, Inc. in Plaintiffs' Original Petition), Defendants herein avail themselves of the opportunity provided by Rule 92 of the Texas Rules of Civil Procedure to file a general denial herein; and in compliance with said Rule, Defendants deny each and every, all and singular, the material allegations contained in Plaintiffs' Original Petition and state that these are matters that should be proven by Plaintiffs as required by law; and Defendants would require strict proof thereof.

7.     Defendants further affirmatively allege that Plaintiffs' causes of action, any, are barred by Texas Civil Practice and Remedies Code Section 16.03(a), establishing a two-year limitation period.  All of Plaintiffs' causes of action, if any, accrued on or about May 23, 1997 and August 25, 1998, respectively.  Suit was filed January 23, 2001, more than two years after the limitation period commenced running.  For this reason, Defendants request judgment of the Court that Plaintiffs take nothing by this suit, and that Defendants recover all costs together with such other and further relief to which Defendants may be justly entitled.

8.     For further answer, and pleading in the alternative, if such be necessary, Degendants further affirmatively allege that the claims of Plaintiffs Ana Maria Turrubiates, Individually and As Next Friend of Jose David Turrubiates and Miguel Turrubiates minors are barred, in whole or in part, due to the contributory negligence of Plaintiff Ana Maria Turrubiates in that she failed to exercise ordinary care, caution and prudence to avoid the incident and injuries at issue. Plaintiff Ana Maria Turrubiates' acts and omissions, whether taken together or separately, proximately caused the injuries and damages to Plaintiffs which are alleged in Plaintiffs' petition.

**DEFENDANTS' MOTION TO TRANSFER VENUE,**                                    **Page 4**
**AND SUBJECT THERETO, ORIGINAL ANSWER**
**AND JURY DEMAND**

9.     For further answer, and pleading in the alternative, if such be necessary,

Defendants further affirmatively allege that the claims of Plaintiff Albert Salazar are

barred, in whole or in part, due to the contributory negligence of Plaintiff Albert Salazar

in that he failed to exercise ordinary care, caution and prudence to avoid the incident

and injuries at issue.  Plaintiff Albert Salazar's acts and omission, whether taken

together or separately, proximately caused the injuries and damages to Plaintiffs which

are alleged in Plaintiffs' petition.

10.     For further answer, and pleading in the alternative, if such be necessary,

Defendants further affirmatively allege that if Plaintiffs were injured as alleged, which is

not admitted but is expressly denied, such injuries were the result of an unavoidable

accident.

11.     For further answer, and pleading in the alternative, if such be necessary,

Defendants further affirmatively allege that the act(s) or omission(s) of a person or

persons other than Defendants was or were the sole proximate cause of the incidents

in question.

12.     For further answer, and pleading in the alternative, if such be necessary,

Defendants further affirmatively allege that if Plaintiffs were injured as alleged, which is

not admitted but is expressly denied, such injuries were caused or contributed to , in

whole or in part, by a party or parties for whom Defendants are not responsible.

13.     For further answer, and pleading in the alternative, if such be necessary,

Defendants further affirmatively allege tht the acts or omissions of Plaintiffs Ana Maria

Turribiates and/or Albert Salazar or other third parties were the sole proximate cause

**DEFENDANTS' MOTION TO TRANSFER VENUE,**                                    **Page** 5
**AND SUBJECT THERETO, ORIGINAL ANSWER**
**AND JURY DEMAND**

or a new and independent cause of the incidents and injuries complained of in this lawsuit.

14.    For further answer, and pleading in the alternative, if such be necessary, Defendants affirmatively allege that the warranties and exclusions of warranties allegedly offered when the products in question were allegedly purchased limited the liability of the sellers and manufacturers to their provisions, and Plaintiffs' allegations of damages exceed the scope of those warranties and exclusions.

15.    For further answer, and pleading in the alternative, if such be necessary, Defendants further affirmatively allege that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate the effect of their alleged injuries and damages as required by law.

16.    For further answer, and pleading in the alternative, if such be necessary, Defendants further affirmatively allege that Plaintiffs are not entitled to recover any sum, or in the alternative, are allowed  to recover no more than actual damages and attorney's fees, for any alleged violation of the Texas Deceptive Trade Practices Act, due to Plaintiffs' failure to provide adequate notice of their complaints prior to filing this lawsuit as required by Tex. Bus. & Comm. Code § 17.505.

17.    For further answer, and pleading in the alternative, if such be necessary, Defendants further affirmatively allege that Plaintiffs are not entitled to recover an sum, or in the alternative, are allowed to recover no more thatn actual damages and attorney's fees, for violation of the Texas Deceptive Trade Practices Act, due to Plaintiffs' failure to allow Defendants a reasonable opportunity to cure the defects, if any, complained of pursuant to Tex. Bus. & Comm. Code § 17.505.

**DEFENDANTS' MOTION TO TRANSFER VENUE,**                                    **Page** 6
**AND SUBJECT THERETO, ORIGINAL ANSWER**
**AND JURY DEMAND**

18.    For further answer, and pleading in the alternative, if such be necessary,
Defendants further affirmatively allege that Plaintiffs are not entitled to recover any
sum, or in the alternative, are allowed to recover no more than actual damages and
attorney's fees, for violation of the Texas Deceptive Trade Practices Act, as such
violation, if any, resulted from a bona fide error notwithstanding the use of reasonable
procedures adopted to avoid the error, if any.

19.    For further answer, and pleading in the alternative, if such be necessary
Defendants further affirmatively allege that Plaintiffs are not entitled to recover any sum
or amount of the damages which they allege for the reason that such damages were
proximately caused by Plaintiffs' misuse of the vehicles in question.

20.    For further answer, and pleading in the alternative, if such be necessary,
Defendants further affirmatively allege that Plaintiffs are not entitled to recover any sum
or amount of the damages which they allege for the reason that such damages were
proximately caused by the Plaintiffs' failure to properly maintain the vehicles in
question.

21.    For further answer, and pleading in the alternative, if such be necessary,
Defendants further affirmatively allege that the damages in this case, if any, were
proximately caused by the negligence of third parties and any recovery should be
barred or diminished under the applicable provisions of the law.

22.    For further answer, and pleading in the alternative, if such be necessary,
Defendants further invoke the provisions of §33.001 of the Texas Civil Practice &
Remedies Code.  In this case, Defendants allege that the negligence of Plaintiffs is

**DEFENDANTS' MOTION TO TRANSFER VENUE,**                                   **Page** 7
**AND SUBJECT THERETO, ORIGINAL ANSWER**
**AND JURY DEMAND**

fifty-one (51%) or greater, and therefore, no damages may be recovered from Defendants.

23.     For further answer, and pleading in the alternative, if such be necessary, Defendants further invoke the provisions of § 33.013 of the Texas Civil Practices & Remedies Code in the unlikely event that liability is established by the Plaintiffs in this cause.

24.     For further answer, and pleading in the alternative, if such be necessary, Defendants further specifically deny that they are liable for prejudgment interest in this cause of action as pled by Plaintiffs.

25.     For further answer, and pleading in the alternative, if such be necessary, Defendants further affirmatively deny that they are liable for exemplary damages and plead affirmatively the provisions of Chapter 41, of the Texas Civil Practices & Remedies Code, including the provisions on applicability, standards for recovery, preclusions, prejudgment interest, and limitations on amount.

26.     For further answer, and pleading in the alternative, if such be necessary, Defendants further affirmatively state that an award of punitive damages in this case would violate the procedural due process guaranteed by the Constitution of the United States. Texas Law, and the instructions given to the jury, are vague and standardless as to whether and how much to punish Defendants, and are likely to produce arbitrary and capricious results. Therefore, any award of punitive damages should be disallowed, or declared null and void.

27.     For further answer, and pleading in the alternative, if such be necessary, Defendants further affirmatively allege that Plaintiffs are not entitled to exemplary or

**DEFENDANTS' MOTION TO TRANSFER VENUE,**                    **Page** 8
**AND SUBJECT THERETO, ORIGINAL ANSWER**
**AND JURY DEMAND**

punitive damages as alleged, for the reason that exemplary damages are

unconstitutional and violative of the provisions of the United States Constitution and the

Texas Constitution, including but not limited to the following provisions:

(a)   Proscription on excessive fines.  U.S. Constitution Amendment 8; Texas Constitution Article I, Section 13.

(b)   Requirements of Due Process.  U.S. Constitution Amendments 5 and 14: Texas Constitution Article I, Sections 13 and 19.

(c)   Requirement of Equal Protection Under the Law.   U.S. Constitution Amendments 5 and 14; Texas constitution Article I, Sections 3 and 3a.

(d)   Proscription on Ex Post Facto and Retroactive Law. U.S. Constitution Article I, Section 10; Texas Constitution Article I, Section 16

(e)   Such punitive damages are penal in nature.  Under Texas law, they are not tied to any fair, just, and reasonable relation to actual damages. Consequently, exemplary damages violate the contract clause of the U.S. Constitution, U.S. Constitution Article I, Section 10.

## JURY DEMAND

28.   Defendants hereby request a trial by jury.

WHEREFORE, Defendants Cooper Tire & Rubber Company and The Pep Boys-

Manny, Moe & Jack of Delaware, Inc. (incorrectly named as The Pep Boys- Manny,

Moe & Jack of California, Inc. in Plaintiffs' Original Petition) pray that upon final trial and

hearing hereof, they have judgment in accordance with the law and facts as found by

this Honorable Court and Jury, and for such other and further relief, legal or equitable,

general or special, to which they may show themselves justly entitled to receive.

Respectfully submitted,

**GARCIA & VILLARREAL, L.L.P.**
4401 North McColl
McAllen, Texas 78504
Telephone No.: (956) 630-0081
Telecopier No.: (956) 630-3631

By: _____

Jose E. Garcia
State Bar No. 07636780
Francisco R. Villarreal
State Bar No.:00789706
**ATTORNEYS FOR DEFENDANT COOPER
TIRE AND RUBBER CO. AND DEFENDANT
THE PEP BOYS-MANNY, MOE & JACK OF
DELAWARE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered on this the  19th day of February, 2001, to the following counsel of record:

Alber Salazar (Pro Se)
654 Eastwood Ct.
Brownsville, Texas 78521

Ana Maria Turrubiates (Pro Se)
447 Rey Juan Carlos
Brownsville, Texas 78521

_____
Francisco R. Villarreal

NO. 20001-01-378-C

| | | |
|---|---|---|
| PRO SE-ALBERT SALAZAR | § | IN THE DISTRICT COURT |
| | § | |
| PRO SE-ANA MARIA TURRBIATES | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| THE PEP BOYS-MANNY, MOE & JACK | § | |
| OF CALIFORNIA, INC., CORNELL | § | |
| CORPORATION, AND COOPER TIRE | § | |
| & RUBBER COMPANY | § | 197th DISTRICT COURT |

FILED ____ _____ O'CLOCK ____ M
FEB 2 2 2001
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

**DEFENDANT CORNELL CORPORATION'S MOTION TO TRANSFER VENUE,
AND SUBJECT THERETO, ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Cornell Corporation, Defendant in the above-entitled and numbered

cause ("Defendant"), and, prior to filing its Original Answer in this cause, files this its Motion to

Transfer Venue, pursuant to Section 15.002 of the Texas Civil Practices & Remedies Code and

Rule 86 of the Texas Rules of Civil Procedure, and in support thereof would show the Court as

follows:

**I.**

**MOTION TO TRANSFER VENUE**

1.      Defendant objects to venue in Cameron County, Texas, on the ground that siad

county is not a county where venue of this action is proper, and no basis exists mandating or

permitting venue of the action in said county.  Cameron County is not a county of proper venue

because Defendant does not have a principal office in Cameron County, upon information and

belief the cause of action did not accrue in Cameron County, and no mandatory or permissive

exception authorizes the maintenance of the action against Defendant in Cameron County.

**DEFENDANT CORNELL CORPORATION'S MOTION TO TRANSFER
VENUE, AND SUBJECT THERETO, ORIGINAL ANSWER—Page 1**

2.       Defendant would further show the Court that Defendant Cornell Corporation has its principal place of business in Dallas County, Texas.  The venue provision of TEX. CIV. PRAC. & REM. CODE § 15.002 states that all lawsuits shall be brought:

(1)     In the county in which all or a substantial part of the events or omissions giving rise to the claim occurred; or

(2)     In the county of defendant's residence at the time the cause of action accrued if defendant is a natural person;

(3)     In the county of the defendant's principal office in this state, if the defendant is not a natural person; or

(4)     If (1), (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

3.       Defendant would show that Plaintiffs have failed to set forth any allegations in Plaintiffs' Original Petition setting forth the facts upon which Plaintiffs claim that venue is allegedly proper in Cameron County, Texas.  However, to the extent Plaintiffs' Original Petition may contain such venue allegations, Defendant specifically denies same.  Defendant would show that, if a cause of action against it exists, which is denied, the cause of action does not exist in Cameron County, as that term is defined by TEX. CIV. PRAC. & REM. CODE § 15.001, at the time this action was instituted or at any time relevant to this cause of action.  Upon information and belief, Defendant also specifically denies that the incident involving Plaintiff Albert Salazar which give rise to the claims alleged in Plaintiffs' Original Petition accrued in Cameron County, Texas.

4.       Defendant further avers that venue in proper in Dallas County, Texas, in that it is the county where a defendant has a principal office in this state for purposes of venue under Texas law.

DEFENDANT CORNELL CORPORATION'S MOTION TO TRANSFER
VENUE, AND SUBJECT THERETO, ORIGINAL ANSWER—Page 2

5.    Defendant requests that this action be transferred to a district court of Dallas County, Texas.

WHEREFORE, Defendant requests that this Court grant Defendant's motion to transfer venue and transfer such cause to Dallas County, taxing costs incurred herein against Plaintiffs; and that Defendant have such other and further relief to which it may show itself justly entitled to receive.

## II.

## ORIGINAL ANSWER, SUBJECT
## TO MOTION TO TRANSFER VENUE

COMES NOW, Cornell Corporation, Defendant in the above-entitled and numbered cause, and, subsequent to filing its Motion to Transfer Venue, files this its Original Answer, Subject to Motion to Transfer Venue in response to Plaintiffs' Original Petition.

## III.

## GENERAL DENIAL

6.    Defendant Cornell Corporation herein avails itself of the opportunity provided by Rule 92 of the Texas Rules of Civil Procedure to file a general denial herein; and in compliance with said rule, Defendant denies each and every, all and singular, the material allegations contained in Plaintiffs' Original Petition and states that these are matters that should be proved by Plaintiffs as required by law; and Defendant would require strict proof thereof.

7.    For further answer, and pleading in the alternative, if such be necessary, Defendant affirmatively alleges that it had absolutely no role in the manufacture, sale, and distribution of the product in question, and Plaintiffs' allegations are brought in bad faith, are

groundless, and are for the purpose of harassment. Indeed, there is no basis of law or, in fact, for Defendant to be a party to this action, Plaintiffs' claims violate Rule 13.

8.      Defendant further affirmatively alleges that Plaintiffs' causes of action, any, are barred by TEX. CIV. PRAC. & REM. CODE § 16.03(a), establishing a two-year limitation period. All of Plaintiffs' causes of action, if any, accrued on or about May 23, 1997, and August 25, 1998, respectively. Suite was filed January 23, 2001, more than two years after the limitation period commenced running. For this reason, Defendant requests judgment of the Court that Plaintiffs take nothing by this suit, and that Defendant recovers all costs together with such other and further relief to which Defendant may be justly entitled.

9.      For further answer, and pleading in the alternative, if such be necessary, Defendant further affirmatively alleges that the claims of Plaintiffs Ana Maria Turrubiates, Individually and As Next Fried of Jose David Turrubiates and Miguel Turrubiates, minors, are barred, in whole or in part, due to the contributory negligence of Plaintiff Ana Maria Turrubiates in that she failed to exercise ordinary care, caution and prudence to avoid the incident and injuries at issue. Plaintiff Ana Maria Turrubiates' acts and omissions, whether taken together or separately, proximately caused the injuries and damages to Plaintiffs which are alleged in Plaintiffs' petition.

10.     For further anser, and pleading in the alternative, if such be necessary, Defendant further affirmatively alleges that the claims of Plaintiff Albert are barred, in whole or in part, due to the contributory negligence of Plaintiff Albert Salazar in that he failed to exercise ordinary care, caution and prudence to avoid the incident and injuries at issue. Plaintiff Albert Salazar's

acts and omissions, whether taken together or separately, proximately caused the injuries and damages to Plaintiffs which are alleged in Plaintiffs' petiton.

11.    For further answer, and pleading in the alternative, if such be necessary, Defendant further affirmatively alleges that if Plaintiffs were injured as alleged, which is not admitted but is expressly denied, such injuries were the result of an unavoidable accident.

12.    For further answer, and pleading in the alternative, if such be necessary, Defendant further affirmatively alleges that the act(s) or omissions(s) of a person or persons other than Defendant was or was the sole proximate cause of the incidents in question.

13.    For further answer, and pleading in the alternative, if such be necessary, Defendant further affirmatively alleges that if Plaintiff was injured as alleged, which is not admitted but is expressly denied, such injuries were caused or contributed to, in whole or in part, by a party or parties for whom Defendant is not responsible.

14.    For further anser, and pleading in the alternative, if such be necessary, Defendant further affirmatively alleges that the acts or omissions of Plaintiffs Ana Maria Turribiates and/or Albert Salazar or other third parties were the sole proximate cause of a new and independent cause of the incidents and injuries complained of in this lawsuit.

15.    For further answer, and pleading in the alternative, if such be necessary, Defendant further affirmatively alleges that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate the effect of their alleged injuries and damages as required by law.

16.    For further anser, and pleading in the alternative, if such be necessary, Defendant further affirmatively alleges that Plaintiffs are not entitled to recover any sum, or in the

alternative, are allowed to recover no more than actual damages and attorneys' fees, for any alleged violation of the Texas Deceptive Trade Practices Act, due to Plaintiffs' failure to provide adequate notice of their complaints prior to filing this lawsuit as required by TEX. BUS. & COMM. CODE § 17.505.

WHEREFORE, Defendant Cornell Corporation prays that upon final trial and hearing hereof, it have judgment in accordance with the law and facts as found by this Honorable Court, and for such other and further relief, legal or equitable, general or special, to which it may show itself justly entitled to receive.

Respectfully submitted,

THOMPSON & KNIGHT L.L.P.

By: _____
    Greg W. Curry
    State Bar No. 05270300

1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
(214) 969-1700
(214) 969-1751 (facsimile)

ATTORNEYS FOR DEFENDANT,
CORNELL CORPORATION

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument was served upon Plaintiffs Albert Salazar (Pro Se), 654 Eastwood Ct., Brownsville, TX 78521, and Ana Maria Turrubiates (Pro Se), 447 Rey Juan Carlos, Brownsville, TX 78521, via Certified Mail, on this 22nd day of February, 2001.

Greg W. Curry

**DEFENDANT CORNELL CORPORATION'S MOTION TO TRANSFER VENUE, AND SUBJECT THERETO, ORIGINAL ANSWER—Page 7**

CAUSE NO. 99-05-2325-E

| | |
|---|---|
| ANA MARIA TURRUBIATES | ) IN THE DISTRICT COURT |
| INDIVIDUALLY AND AS NEXT FRIEND | ) |
| OF JOSE DAVID TURRUBIATES AND | ) |
| MIGUEL TURRUBIATES, MINORS | ) |
| and | ) |
| ALBERT SALAZAR | ) |
| | ) |
| VS. | ) OF CAMERON COUNTY, TEXAS |
| | ) |
| THE PEP BOYS - MANNY, MOE & JACK | ) |
| OF CALIFORNIA, INC., CORNELL | ) |
| CORPORATION AND COOPER TIRE & | ) 357th JUDICIAL DISTRICT |
| RUBBER COMPANY | ) |

FILED 10:15 O'CLOCK ___
AURORA DE LA GARZA DIST. CLERK
MAY 19 1999
DISTRICT COURT CAMERON COUNTY, TEXAS
JANIE WONG
DEPUTY

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, ANA MARIA TURRUBIATES INDIVIDUALLY AND AS NEXT

FRIEND OF JOSE DAVID TURRUBIATES AND MIGUEL TURRUBIATES, MINORS, and

ALBERT SALAZAR hereinafter called Plaintiffs, complaining of THE PEP BOYS - MANNY,

MOE & JACK OF CALIFORNIA, INC., hereinafter referred to as "Pep Boys", CORNELL

CORPORATION AND COOPER TIRE & RUBBER COMPANY, hereinafter called Defendants,

and for cause of action would respectfully show unto this Honorable Court the following:

I.

Plaintiffs herein state that this lawsuit is filed as a Level III case under the provisions of

Texas Rules of Civil Procedure 190.4(a).

Plaintiffs are individuals residing in Cameron County, Texas.

Defendant THE PEP BOYS - MANNY, MOE & JACK OF CALIFORNIA, INC. is a

corporation authorized to conduct business in the State of Texas with its principal office in

**EXHIBIT ___B___**

CStdPDF - www.fastio.com

Richardson, Texas, and may be served with process by serving its agent for service, Corporation Service Company, 800 Brazos Austin, Texas 78701.

Defendant CORNELL CORPORATION is a corporatoin authorized to conduct business in the State of Texas and may be served with process by serving its agent for service, Ms. Nancy McGee, 13355 Noel Road, #1800, Dallas, Texas 75240.

Defendant COOPER TIRE & RUBBER COMPANNY is a Delaware Corporation qualified to conduct business in the State of Texas and may be served with process by serving its agent for service, C. T. Corporation Systems, 359 N. St. Paul Street, Dallas, Texas 75201.

## II.

Plaintiffs file this suit for enforcement of claims against the defendant THE PEP BOYS - MANNY, MOE & JACK OF CALIFORNIA, INC., Cornell Corporation, AND COOPER TIRE & RUBBER COMPANY pursuant to the common law of the State of Texas including but not limited to those claims arising from acts of negligence, and breach of expressed and implied contracts, as well as breach of expressed and implied warranties, including but not limited to those covered by the Texas Deceptive Trade Practices Act and breach of the duty to reasonably warn the foreseeable users and consumers of their products. Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company had reason to know the particular purpose for which its product was required; and Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company had reason to know that the buyer was relying on the skill and judgment of Pep Boys to select or furnish a suitable product; and the product supplied by Pep Boys was unfit for the particular purpose for which it was purchased.

Case 01-cv-00000 Document 1   Filed in TXSD on 02/22/2001   Page 54 of 103

## III.

The event made the subject of this suit, hereinafter called the tire failures took place on May 23, 1997 and August 25, 1998. Plaintiffs ANA MARIA TURRUBIATES INDIVIDUALLY AND AS NEXT FRIEND OF JOSE DAVID TURRUBIATES AND MIGUEL TURRUBIATES, MINORs were injured on August 25, 1998, when she was driving a van owned by her husband. Plaintiff took the said van to Pep Boys, on August 24, 1998, to install new tires. Pep Boys installed the new tires Cornell manufactured by Cooper Tire & Rubber Company on the van and Pep Boys were paid for their services which included payment for road hazard insurance.

Plaintiff ALBERT SALAZAR was injured on May 23, 1997, when he was driving his Cadillac Fleetwood when the Cornell tires manufactured by Cooper Tire & Rubber Company and selected and installed by Pep Boys failed causing a severe accident.

Plaintiffs were severely injured when their vehicle went out of control because of the failure of the recently installed Cornell tires. Said newly installed tires by Pep Boys failed in normal use causing plaintiffs' vehicles to go out of control causing severe injuries and damages to Plaintiffs as hereinafter set out with more particularity.

At all times material hereto, Defendants Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company were engaged in the business of distributing, selling, selecting and installing tires. At the time of accident, the tires were essentially in the same condition it was in when placed into the stream of commerce to be purchased by consumers such as the plaintiffs. Plaintiffs say that the new tires intalled in the vehicle they were driving failed during normal and foreseeable uses; were in defective condition and unreasonably dangerous when it failed and caused the vehicles to go out of control causing an accident injurying all plaintiffs. This dangerous condition was the proximate cause of the injuries of Plaintiffs as set out herein.

CVAPDF - www.fastio.com

In the alternative, Plaintiff says that when the tires involved in the accident were sold to plaintiffs by Defendant Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company impliedly and expressly, warranted and guaranteed that the tires were safe for the use by persons operating and riding vehicles in the manner in which it was being operated at the time of the accident. Defendant further warranted that the tires were free from any defects in design, workmanship, construction, inspection, servicing and material; that such tires were appropriately sized and selected for installation; the tires would perform the actual service for which it was designed; and, was of such quality that it would not fail under foreseeable uses and cause injury or damages. These warranties were breached by Defendant Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company.

Through the Defendants' advertising programs, in which they solicit the public to purchase the above described tires which they distribute, sell and install, the Defendants Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company warrants and guarantees that the tires has been properly constructed, is suitable for its purpose and safe to use. Plaintiffs as foreseeable users, relied upon the Defendant Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company warranties and guarantees. Defendants Pep Boys, Cooper Tire & Rubber Company and Cornell Corporation breached such warranties.

Defendants Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company owed a duty to distribute, sell and install safe tires such as the ones described above so as to not cause injuries or damages to the general public including Plaintiffs.

Defendants Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company violated their duty when they distributed, sold and installed the defective tires as described hereinabove. It was foreseeable that Plaintiffs could be injured or suffer damages as a result of the acts or

CibPDF - www.fineia.com

omission to act of defendants Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company. Such acts or omissions being the actual and proximate cause of the injuries and damages complained of.

## IV.

Additionally, Plaintiffs say that Defendants Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company are guilty of negligence and gross negligence in distributing, selling and installing defective tires including but not limited to:

1.   in failing to warn the public of the defect or defects in the tires described above;

2.   In failing to install adequate safety devices, that is a reasonable safe vehicle tire;

3.   in using and installing safety devices, that is, new vehicle tires, which failed in use;

4.   in failing to measure up to, or meet accepted industry standards, that is, to provide tires which would not fail during foreseeable uses; and,

5    in failing to provide for plaintiffs' safety under the circumstances, that is to provide a safe tires.

Defendants Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company failed to place or cause to be placed, an adequate warning of any kind on or about said tires which would have alerted Plaintiffs and others of the danger of the tires causing vehicles to go out of control resulting in damages and injuries to those using said tires in their vehicles during normal use. It was readily foreseeable that a person using the tires, such as the tires complained of herein, would be involved and used on the roadways. This failure to warn Plaintiffs was a proximate cause of the injuries to them. The total want of care and the utter disregard of duty, while the Defendant Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company knew or should have known of the unsafe condition of the tires during use, exhibits and reflects a total

want of care, and a conscious and willful indifference to the life and safety of Plaintiffs as well other persons.

V.

Plaintiffs say further it was reasonably foreseeable that the tires could fail and that without proper installation an accident and injuries could occur. It was reasonably foreseeable that the tires would be used on the roadways. The failure of the Defendants' vehicle to provide safe and proper equipment to prevent loss of control, wrecks, and resulting injuries made the tires herein described unreasonably dangerous for its intended use. The failure of said tires to prevent loss of control, wrecks and resulting injuries was a proximate cause of the injuries to Plaintiffs.

Plaintiffs would show that the Defendants Pep Boys, Cornell Corporation, and Cooper Tire & Rubber Company by their acts and failure to act, in misrepresenting and allowing such defective products in the stream of commerce and more particularly for the use upon the roadways exhibited a willful and wanton disregard for the life and safety of Plaintiffs and other persons similarly situated.

At the time they were manufactured and at all times thereafter, the tires were not as warranted but rather were defective such that it was not fit for the purpose for which it was to be used, it would not pass without objection in the trade, and it was not free from defects. As a result of Defendants' breach of warranties, Plaintiff bring this cause of action pursuant to §17.50 and all relevant provisions of the Deceptive Trade Practices Consumer Protection Act, under the provision of Title 1, Chapter 2 of the Business and Commerce Code, and under the common law rules of warranty as follows:

CHMPDF - www.texba.com

(1)  The use or employment by any person of a false, misleading, or deceptive act or practice that is specifically enumerated in a subdivision of Subsection (b) of Section 17.46 of this subchapter;

(2)  breach of an express or implied warranty, that is, that the tires were in safe condition for use and operation during foreseeable uses; and,

(3)  any unconscionable action or course of action by any person.

The nature, scope and extent of the operation of Defendants Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company and other distributors and/or sellers similarly situated requires a significant award of punitive damages if said Defendants Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company and other similar entities are to take heed and be influenced by said award, to conduct their business and to prevent tires being installed to vehicles which cause loss of control from being utilized without due regard and concern for those persons similarly situated who might be using such tires.

## VI.

Plaintiff, ANA TURRUBIATES, would show that by reason of the injuries sustained as above alleged, Plaintiff Ana Turrubiates suffered serious and painful injuries to her neck, lower back, right shoulder and body in general including mental anguish and suffering. Ana Turrubiates has suffered, suffers, and will continue to suffer permanent physical impairment to her body as a whole as a result of the injuries sustained as above. By reason of the foregoing Plaintiff has been damaged by the Defendants in an amount in excess of the minimum jurisdictional limits of this court.

CVisPDF - www.fesisi.com

Plaintiff, MIGUEL TURRUBIATES, would show that by reason of the injuries sustained as above alleged, Plaintiff Miguel Turrubiates suffered serious and painful injuries to his neck, lower back and body in general including mental anguish and suffering. Miguel Turrubiates has suffered, suffers, and will continue to suffer permanent physical impairment to his body as a whole as a result of the injuries sustained as above. By reason of the foregoing Plaintiff has been damaged by the Defendants in an amount in excess of the minimum jurisdictional limits of this court.

Plaintiff, JOSE DAVID TURRUBIATES, would show that by reason of the injuries sustained as above alleged, Plaintiff Jose David Turrubiates suffered serious and painful injuries to his neck, lower back and body in general including mental anguish and suffering. Jose David Turrubiates has suffered, suffers, and will continue to suffer permanent physical impairment to his body as a whole as a result of the injuries sustained as above. By reason of the foregoing Plaintiff has been damaged by the Defendants in an amount in excess of the minimum jurisdictional limits of this court.

Plaintiff, ALBERT SALAZAR, would show that by reason of the injuries sustained as above alleged, Plaintiff Albert Salazar suffered serious and painful injuries to her neck, lower back and body in general including mental anguish and suffering. Albert Salazar has suffered, suffers, and will continue to suffer permanent physical impairment to his body as a whole as a result of the injuries sustained as above. By reason of the foregoing Plaintiff Albert Salazar has been damaged by the Defendants in an amount in excess of the minimum jurisdictional limits of this court.

## VII.

Plaintiffs Ana Maria Turrubiates and Albert Salazar were gainfully employed. For sometime they have been unable to do the usual work they are accustomed to doing because of their physical injuries. Such work they have been able to do and will be able to do in the future, have been or will be done under the handicap of pain and suffering. For the balance of their life, it is reasonably probable that their earning capacity will be diminished, and that they will suffer a physical impediment. Their injuries and the effects thereof, are in reasonable probability of a lasting nature, and will handicap they for the balance of their life.

On account of the nature, seriousness, and severity of Plaintiffs' injuries, Plaintiffs have required medical care, nursing services, psychological and psychiatric care. They have been required to pay and incur liability to pay the charges which have been and will be made for such medical care services, nursing services, psychological and psychiatric care services. It is reasonably probable that they will require additional medical attention for medical care, nursing, psychological and psychiatric care service and/or hospital services, and that they will be required to pay and incur liability to pay the charges which will be made for such services.

The charges which have been and will be made for services rendered to Plaintiffs have represented and will represent the usual, reasonable, and customary charges for like or similar services in the vicinity where they have been and will be rendered. All of these services, both past and future, have been and will be made necessary in connection with the proper treatment of the injuries sustained and suffered by Plaintiffs as a result of the accident.

Plaintiffs would further show that in the event they had pre-existing conditions in their body prior to the incident made the basis of this suit, that such conditions were aggravated and/or re-injured and worsened by the injuries sustained as a result of the negligence of the Defendants.

## VIII.

On the date of the occurrence in question, Plaintiff ANA TURRUBIATES was a woman of the age of 31 and had a life expectancy in excess of 49.1 according to the U.S. Life Tables of 1990.

On the date of the occurrence in question, Plaintiff MIGUEL TURRUBIATES was a young man of the age of 8 years and had a life expectancy in excess of 64.8 according to the U.S. Life Tables of 1989.

On the date of the occurrence in question, Plaintiff JOSE DAVID TURRUBIATES was a boy of the age of 2 years and had a life expectancy in excess of 71.6 according to the U.S. Life Tables of 1989.

On the date of the occurrence in question, Plaintiff ALBERT SALAZAR was a woman of the age of 44 and had a life expectancy in excess of 32.5 according to the U.S. Life Tables of 1990.

Plaintiffs seek pre-judgment interest on any money damages awarded to him, either in general damages or special damages plead herein, including, but not limited to, general damages, punitive damages, and reasonable attorney's fees.

## X.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendant be cited to appear and answer herein; that upon trial of this cause the Plaintiffs have and recover of from

the Defendant judgment to compensate them for the injuries they suffered as a result of the "negligence" of the Defendant. Plaintiffs seek compensatory damages and punitive damages as provided by the Laws of the State of Texas for the above described breaches in providing defective vehicles, punitive damages and if appropriate attorney's fees. As against the Defendant, Plaintiffs seek damages against the Defendant for costs of Court expended, and for such other and further relief, both general and special, at law or in equity, to which they may show himself to be justly entitled.

Respectfully submitted on this the __/2__ day of May, 1999.

EDDINGTON & ASSOCIATES, L.L.P.
1926 E. Elizabeth
Brownsville, Texas 78520
(956) 546-0333

_____
Ray R. Marchan

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

**RECEIVED**
**JUN 1 8 1999**
LEGAL DEPARTMENT

| | |
|---|---|
| ANA MARIA TURRUBIATES, | * |
| Individually and As Next Friend of | * |
| JOSE DAVID TURRUBIATES and | * |
| MIGUEL TURRUBIATES, Minors; and | * |
| ALBERT SALAZAR | * |
| | * |
| VS. | * |
| | * |
| THE PEP BOYS – MANNY, MOE & | * |
| JACK OF CALIFORNIA, INC.; | * |
| CORNELL CORPORATION; and | * |
| COOPER TIRE & RUBBER | * |
| COMPANY | * |

CIVIL ACTION NO. *B-99-101*

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW COOPER TIRE & RUBBER COMPANY and PEP BOYS –
MANNY, MOE & JACK OF DELAWARE, INC. (incorrectly named as The Pep Boys –
Manny, Moe & Jack of California, Inc. in Plaintiffs' Original Petition), Defendants in the
above entitled and numbered cause, and file this their Notice of Removal of the present
cause from the 357th Judicial District Court of Cameron County, Texas, in which it is
now pending, to the United States District Court for the Southern District of Texas,
Brownsville Division, showing the Court as follows:

1.    This cause was commenced in the 357th Judicial District Court, Cameron
County, Texas on May 19, 1999, when Plaintiffs' Original Petition was filed in Cause
Number 99-05-2325-E.  Copies of all process, pleadings, and orders served upon the
Defendants in said cause are attached hereto and incorporated herein for all purposes to
this Notice of Removal.

2.    Defendant Cooper Tire & Rubber Company was served with a copy of
Plaintiffs' Original Petition on May 26, 1999. Defendant Pep Boys – Manny, Moe &
Jack of Delaware, Inc. was served with a copy of Plaintiffs' Original Petition on May 24,

**EXHIBIT ___C___**

1999. Defendant Cornell Corporation was served with a copy of Plaintiffs' Original Petition on May 25, 1999.

3.　　This is a civil action for damages allegedly sustained by Plaintiffs as a result of two different automobile accidents involving two different automobiles in May of 1997 and August of 1998. Plaintiffs allege causes of action for negligence, strict liability, and breach of warranty against Defendants.

4.　　Plaintiffs allege in Plaintiffs' Original Petition that they are individuals residing in Cameron County, Texas. It must therefore be assumed that Plaintiffs are citizens of Texas.

5.　　Defendant Cooper Tire & Rubber Company is a corporation, duly incorporated under the laws of the State of Delaware, with its principal place of business in Ohio. Defendant Pep Boys-Manny, Moe & Jack of Delaware, Inc. (incorrectly named as The Pep Boys – Manny, Moe & Jack of California, Inc. in Plaintiffs' Original Petition) is a corporation, duly incorporated under the laws of the State of Delaware, with its principal place of business in Pennsylvania. Cornell Corporation is a Texas corporation. However, as hereinafter set out, Defendant Cornell should not be considered as a defendant for purposes of determining diversity jurisdiction.

6.　　Complete diversity exists in this case because Defendant Cornell Corporation was improperly or fraudulently joined by Plaintiffs for the assumed purpose of destroying diversity jurisdiction. As a matter of law, there is no possibility that Plaintiffs will be able to establish a cause of action against the in-state Defendant in state court.

7.　　Plaintiffs have alleged in Plaintiffs' Original Petition that Defendant Cornell Corporation was "engaged in the business of distributing, selling, selecting and installing tires." However, the Cornell Corporation improperly or fraudulently joined as a defendant in this lawsuit is an oil company and has nothing to do with distributing, selling, selecting and installing tires. Attached hereto as Exhibit "A" is a letter from

CibPDF - www.fasiac.com

Cornell Corporation's president advising Plaintiffs' counsel of same. Under the substantive law of the State of Texas, the undisputed facts demonstrate conclusively and as a matter of law that Plaintiffs will not be able to establish a cause of action against Defendant Cornell Corporation in state court. Therefore, Defendant Cornell Corporation should be disregarded as a defendant for purposes of establishing diversity jurisdiction. Therefore, for the purposes of federal removal jurisdiction pursuant to 28 U.S.C. §1441, complete diversity of citizenship exists between the adverse parties in the present cause.

8.     Upon filing of this Notice of Removal of this cause, written notice of the filing by petitioner to Plaintiffs and their counsel has been provided as required by law. A copy of this notice is also being filed with the Clerk of the state court in which this cause was originally filed.

9.     Defendant would further show the Court that while Plaintiffs have not set forth a specific amount of damages that they are seeking in Plaintiffs' Original Petition, based on the nature of the injuries and damages alleged, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

10.     This Notice of Removal is timely filed in accordance with 28 U.S.C. §1446(b), in that it is filed within thirty (30) days of the date of service of Plaintiffs' Original Petition upon the first-served Defendant.

11.     Defendants hereby request a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Petitioners pray for removal of the above entitled and numbered cause from the 357th Judicial District Court of Cameron County, Texas to this Honorable Court.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
     Eduardo Roberto Rodriguez
State Bar No. 17144000
     Joseph A. (Tony) Rodriguez
State Bar No. 17146600
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANTS,
COOPER TIRE & RUBBER COMPANY
AND PEP BOYS – MANNY, MOE & JACK OF
DELAWARE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice of Removal was served upon all counsel of record, to-wit:

> Ray R. Marchan
> Eddington & Associates, L.L.P.
> 1926 East Elizabeth
> Brownsville, Texas 78520
> Attorneys for Plaintiffs

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 14th day of June, 1999.

_____
Joseph A. (Tony) Rodriguez

Case4:04-cv-00032 Document 1 Filed in TXSD on 02/22/2001 Page 67 of 103

# CORNELL CORPORATION

1800 ONE GALLERIA TOWER
13355 NOEL ROAD
DALLAS, TEXAS 75240-6615
May 25, 1999

TELEPHONE
(214) 386-5720
FACSIMILE
(214) 386-4529

Mr. Ray R. Marchan
Eddington & Associates, L.L.P.
1926 E. Elizabeth
Brownsville, Tx 78520

Certified Mail
No. Z 300 527 561

RE:     Cause No. 99-05-02325-E in the District Court of Cameron County, Texas

Dear Mr. Marchan:

Per our phone conversation of earlier today, regarding the cited topic, please allow this letter to serve as our representation that Cornell Corporation (CC), whose principal address is 13355 Noel Road, Suite 1800, Dallas, Texas 75240, is not engaged, directly or indirectly, in the manufacturing of tires. CC is engaged in exploration and production of oil and gas.

Please have Cornell Corporation removed as defendant from the cited Cause. Thank you for your assistance with this matter. If you have any questions, please do not hesitate to call.

Very truly yours,

Brian Lee Modic
President

STATE OF TEXAS         )
                       :ss.
County of Dallas        )

On this 25th day of May, 1999, before me, a Notary Public for the State of Texas, personally appeared Brian Lee Modic, President of Cornell Corporation, known to me to the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same as his free and voluntary act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my Official Seal on the day and year in this certificate first above written.

Notary Public for the State of Texas
Residing at: Dallas County, Tx.
My Commission expires: 5-18-02

PATRICIA M. LANEY
Notary Public, State of Texas
My Commission Exp. 05-18-2002

**EXHIBIT**

**A**

Case 1:01-cv-00032   Document 1   Filed in TXSD on 02/22/2001   Page 68 of 103

```
RUN DATE 06/14/99
RUN TIME  9:51 AM                                                    PAGE: 01

        *  *  *  *   C L E R K ' S   E N T R I E S   *  *  *  *

                                                              99-05-02325-E

                           00004603                  05        19        99
ANA MARIA TURRUBIATES,, ET AL.    HON. RAY R. MARCHAN
                           1926 EAST ELIZABETH
                           BROWNSVILLE TX    78520 0000     (10)

         VS                                                        30.00
                                                           DAMAGES

                           00001402
THE PEP BOYS-MANNY,MOE&JACK OF CALIFORNIA,INC.ET A HON. EDUARDO RODRIGUEZ
                           P.O. BOX 2155                    EDDINGTON &
                           BROWNSVILLE  TX.   78520 0000    ASSOCIATES, L.L.P.


05/19/99  ORIGINAL PETITION FILED
05/19/99  JURY FEE: Pd. by HON. RAY R. MARCHAN
05/20/99  CITATION: THE PEP BOYS
05/20/99      SERVED: 05/26/99       FILED: 05/28/99
05/20/99  CITATION: CORNELL CORPORATION
05/20/99      SERVED: 05/25/99       FILED: 06/01/99
05/20/99  CITATION: COOPER TIRE & RUBBER COMPANY
05/20/99      SERVED: 05/26/99       FILED: 06/01/99
06/11/99  ORIGINAL ANSWER: COOPER TIRE & RUBBER
          COMPANY
06/11/99  ORIGINAL ANSWER: THE PEP BOYS
```

Case 1:01-cv-00032   Document 1   Filed in TXSD on 02/22/2001   Page 69 of 103

CAUSE NO. 99-05-2325-E

| | |
|---|---|
| ANA MARIA TURRUBIATES INDIVIDUALLY AND AS NEXT FRIEND OF JOSE DAVID TURRUBIATES AND MIGUEL TURRUBIATES, MINORS and ALBERT SALAZAR<br><br>VS.<br><br>THE PEP BOYS - MANNY, MOE & JACK OF CALIFORNIA, INC., CORNELL CORPORATION AND COOPER TIRE & RUBBER COMPANY | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

IN THE DISTRICT COURT

FILED 10:15 O'CLOCK a .M
AURORA DE LA GARZA DIST. CLERK

MAY 19 1999

DISTRICT COURT, CAMERON COUNTY, TEXAS
JANE WONG DEPUTY

OF CAMERON COUNTY, TEXAS

357th JUDICIAL DISTRICT

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, ANA MARIA TURRUBIATES INDIVIDUALLY AND AS NEXT FRIEND OF JOSE DAVID TURRUBIATES AND MIGUEL TURRUBIATES, MINORS, and ALBERT SALAZAR hereinafter called Plaintiffs, complaining of THE PEP BOYS - MANNY, MOE & JACK OF CALIFORNIA, INC., hereinafter referred to as "Pep Boys", CORNELL CORPORATION AND COOPER TIRE & RUBBER COMPANY, hereinafter called Defendants, and for cause of action would respectfully show unto this Honorable Court the following:

I.

Plaintiffs herein state that this lawsuit is filed as a Level III case under the provisions of Texas Rules of Civil Procedure 190.4(a).

Plaintiffs are individuals residing in Cameron County, Texas.

Defendant THE PEP BOYS - MANNY, MOE & JACK OF CALIFORNIA, INC. is a corporation authorized to conduct business in the State of Texas with its principal office in

Case 1:01-cv-00032   Document 1   Filed in TXSD on 02/22/2001   Page 70 of 103

Richardson, Texas, and may be served with process by serving its agent for service, Corporation

Service Company, 800 Brazos Austin, Texas 78701.

Defendant CORNELL CORPORATION is a corporatoin authorized to conduct business

in the State of Texas and may be served with process by serving its agent for service, Ms. Nancy

McGee, 13355 Noel Road, #1800, Dallas, Texas 75240.

Defendant COOPER TIRE & RUBBER COMPANNY is a Delaware Corporation qualified

to conduct business in the State of Texas and may be served with process by serving its agent

for service, C. T. Corporation Systems, 359 N. St. Paul Street, Dallas, Texas 75201.

II.

Plaintiffs file this suit for enforcement of claims against the defendant THE PEP BOYS -

MANNY, MOE & JACK OF CALIFORNIA, INC., Cornell Corporation, AND COOPER TIRE

& RUBBER COMPANY pursuant to the common law of the State of Texas including but not

limited to those claims arising from acts of negligence, and breach of expressed and implied

contracts, as well as breach of expressed and implied warranties, including but not limited to

those covered by the Texas Deceptive Trade Practices Act and breach of the duty to reasonably

warn the foreseeable users and consumers of their products. Pep Boys, Cornell Corporation and

Cooper Tire & Rubber Company had reason to know the particular purpose for which its product

was required; and Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company had

reason to know that the buyer was relying on the skill and judgment of Pep Boys to select or

furnish a suitable product; and the product supplied by Pep Boys was unfit for the particular

purpose for which it was purchased.

Case 1:01-cv-00032   Document 1   Filed in TXSD on 02/22/2001   Page 71 of 103

III.

The event made the subject of this suit, hereinafter called the tire failures took place on May 23, 1997 and August 25, 1998. Plaintiffs ANA MARIA TURRUBIATES INDIVIDUALLY AND AS NEXT FRIEND OF JOSE DAVID TURRUBIATES AND MIGUEL TURRUBIATES, MINORs were injured on August 25, 1998, when she was driving a van owned by her husband. Plaintiff took the said van to Pep Boys, on August 24, 1998, to install new tires. Pep Boys installed the new tires Cornell manufactured by Cooper Tire & Rubber Company on the van and Pep Boys were paid for their services which included payment for road hazard insurance.

Plaintiff ALBERT SALAZAR was injured on May 23, 1997, when he was driving his Cadillac Fleetwood when the Cornell tires manufactured by Cooper Tire & Rubber Company and selected and installed by Pep Boys failed causing a severe accident.

Plaintiffs were severely injured when their vehicle went out of control because of the failure of the recently installed Cornell tires. Said newly installed tires by Pep Boys failed in normal use causing plaintiffs' vehicles to go out of control causing severe injuries and damages to Plaintiffs as hereinafter set out with more particularity.

At all times material hereto, Defendants Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company were engaged in the business of distributing, selling, selecting and installing tires. At the time of accident, the tires were essentially in the same condition it was in when placed into the stream of commerce to be purchased by consumers such as the plaintiffs. Plaintiffs say that the new tires intalled in the vehicle they were driving failed during normal and foreseeable uses, were in defective condition and unreasonably dangerous when it failed and caused the vehicles to go out of control causing an accident injurying all plaintiffs. This dangerous condition was the proximate cause of the injuries of Plaintiffs as set out herein.

CutePDF - www.tazio.com

Case 1:01-cv-00032   Document 1   Filed in TXSD on 02/22/2001   Page 72 of 103

In the alternative, Plaintiff says that when the tires involved in the accident were sold to plaintiffs by Defendant Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company impliedly and expressly, warranted and guaranteed that the tires were safe for the use by persons operating and riding vehicles in the manner in which it was being operated at the time of the accident.   Defendant further warranted that the tires were free from any defects in design, workmanship, construction, inspection, servicing and material; that such tires were appropriately sized and selected for installation; the tires would perform the actual service for which it was designed; and, was of such quality that it would not fail under foreseeable uses and cause injury or damages.   These warranties were breached by Defendant Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company.

Through the Defendants' advertising programs, in which they solicit the public to purchase the above described tires which they distribute, sell and install, the Defendants Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company warrants and guarantees that the tires has been properly constructed, is suitable for its purpose and safe to use.   Plaintiffs as foreseeable users, relied upon the Defendant Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company warranties and guarantees.   Defendants Pep Boys, Cooper Tire & Rubber Company and Cornell Corporation breached such warranties.

Defendants Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company owed a duty to distribute, sell and install safe tires such as the ones described above so as to not cause injuries or damages to the general public including Plaintiffs.

Defendants Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company violated their duty when they distributed, selled and installed the defective tires as described hereinabove.   It was foreseeable that Plaintiffs could be injured or suffer damages as a result of the acts or

Case 1:01-cv-00032   Document 1   Filed in TXSD on 02/22/2001   Page 73 of 103

omission to act of defendants Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company. Such acts or omissions being the actual and proximate cause of the injuries and damages complained of.

IV.

Additionally, Plaintiffs say that Defendants Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company are guilty of negligence and gross negligence in distributing, selling and installing defective tires including but not limited to:

1.    in failing to warn the public of the defect or defects in the tires described above;

2.    In failing to install adequate safety devices, that is a reasonable safe vehicle tire;

3.    in using and installing safety devices, that is, new vehicle tires, which failed in use;

4.    in failing to measure up to, or meet accepted industry standards, that is, to provide tires which would not fail during foreseeable uses; and,

5     in failing to provide for plaintiffs' safety under the circumstances, that is to provide a safe tires.

Defendants Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company failed to place or cause to be placed, an adequate warning of any kind on or about said tires which would have alerted Plaintiffs and others of the danger of the tires causing vehicles to go out of control resulting in damages and injuries to those using said tires in their vehicles during normal use. It was readily foreseeable that a person using the tires, such as the tires complained of herein, would be involved and used on the roadways. This failure to warn Plaintiffs was a proximate cause of the injuries to them. The total want of care and the utter disregard of duty, while the Defendant Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company knew or should have known of the unsafe condition of the tires during use, exhibits and reflects a total

Case 1:01-cv-00032   Document 1   Filed in TXSD on 02/22/2001   Page 74 of 103

want of care, and a conscious and willful indifference to the life and safety of Plaintiffs as well other persons.

## V.

Plaintiffs say further it was reasonably foreseeable that the tires could fail and that without proper installation an accident and injuries could occur. It was reasonably foreseeable that the tires would be used on the roadways. The failure of the Defendants' vehicle to provide safe and proper equipment to prevent loss of control, wrecks, and resulting injuries made the tires herein described unreasonably dangerous for its intended use. The failure of said tires to prevent loss of control, wrecks and resulting injuries was a proximate cause of the injuries to Plaintiffs.

Plaintiffs would show that the Defendants Pep Boys, Cornell Corporation, and Cooper Tire & Rubber Company by their acts and failure to act, in misrepresenting and allowing such defective products in the stream of commerce and more particularly for the use upon the roadways exhibited a willful and wanton disregard for the life and safety of Plaintiffs and other persons similarly situated.

At the time they were manufactured and at all times thereafter, the tires were not as warranted but rather were defective such that it was not fit for the purpose for which it was to be used, it would not pass without objection in the trade, and it was not free from defects. As a result of Defendants' breach of warranties, Plaintiff bring this cause of action pursuant to §17.50 and all relevant provisions of the Deceptive Trade Practices Consumer Protection Act, under the provision of Title 1, Chapter 2 of the Business and Commerce Code, and under the common law rules of warranty as follows:

(1)    The use or employment by any person of a false, misleading, or deceptive act or practice that is specifically enumerated in a subdivision of Subsection (b) of Section 17.46 of this subchapter;

(2)    breach of an express or implied warranty, that is, that the tires were in safe condition for use and operation during foreseeable uses; and,

(3)    any unconscionable action or course of action by any person.

The nature, scope and extent of the operation of Defendants Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company and other distributors and/or sellers similarly situated requires a significant award of punitive damages if said Defendants Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company and other similar entities are to take heed and be influenced by said award, to conduct their business and to prevent tires being installed to vehicles which cause loss of control from being utilized without due regard and concern for those persons similarly situated who might be using such tires.

## VI.

Plaintiff, ANA TURRUBIATES, would show that by reason of the injuries sustained as above alleged, Plaintiff Ana Turrubiates suffered serious and painful injuries to her neck, lower back, right shoulder and body in general including mental anguish and suffering. Ana Turrubiates has suffered, suffers, and will continue to suffer permanent physical impairment to her body as a whole as a result of the injuries sustained as above. By reason of the foregoing Plaintiff has been damaged by the Defendants in an amount in excess of the minimum jurisdictional limits of this court.

Case 1:01-cv-00032   Document 1   Filed in TXSD on 02/22/2001   Page 76 of 103

Plaintiff, MIGUEL TURRUBIATES, would show that by reason of the injuries sustained as above alleged, Plaintiff Miguel Turrubiates suffered serious and painful injuries to his neck, lower back and body in general including mental anguish and suffering. Miguel Turrubiates has suffered, suffers, and will continue to suffer permanent physical impairment to his body as a whole as a result of the injuries sustained as above. By reason of the foregoing Plaintiff has been damaged by the Defendants in an amount in excess of the minimum jurisdictional limits of this court.

Plaintiff, JOSE DAVID TURRUBIATES, would show that by reason of the injuries sustained as above alleged, Plaintiff Jose David Turrubiates suffered serious and painful injuries to his neck, lower back and body in general including mental anguish and suffering. Jose David Turrubiates has suffered, suffers, and will continue to suffer permanent physical impairment to his body as a whole as a result of the injuries sustained as above. By reason of the foregoing Plaintiff has been damaged by the Defendants in an amount in excess of the minimum jurisdictional limits of this court.

Plaintiff, ALBERT SALAZAR, would show that by reason of the injuries sustained as above alleged, Plaintiff Albert Salazar suffered serious and painful injuries to her neck, lower back and body in general including mental anguish and suffering. Albert Salazar has suffered, suffers, and will continue to suffer permanent physical impairment to his body as a whole as a result of the injuries sustained as above. By reason of the foregoing Plaintiff Albert Salazar has been damaged by the Defendants in an amount in excess of the minimum jurisdictional limits of this court.

Case 4:01-cv-00557   Document 1   Filed in TXSD on 02/22/2001   Page 77 of 103

## VII.

Plaintiffs Ana Maria Turrubiates and Albert Salazar were gainfully employed.   For sometime they have been unable to do the usual work they are accustomed to doing because of their physical injuries.  Such work they have been able to do and will be able to do in the future, have been or will be done under the handicap of pain and suffering.  For the balance of their life, it is reasonably probable that their earning capacity will be diminished, and that they will suffer a physical impediment.  Their injuries and the effects thereof, are in reasonable probability of a lasting nature, and will handicap they for the balance of their life.

On account of the nature, seriousness, and severity of Plaintiffs' injuries, Plaintiffs have required medical care, nursing services, psychological and psychiatric care.  They have been required to pay and incur liability to pay the charges which have been and will be made for such medical care services, nursing services, psychological and psychiatric care services.  It is reasonably probable that they will require additional medical attention for medical care, nursing, psychological and psychiatric care service and/or hospital services, and that they will be required to pay and incur liability to pay the charges which will be made for such services.

The charges which have been and will be made for services rendered to Plaintiffs have represented and will represent the usual, reasonable, and customary charges for like or similar services in the vicinity where they have been and will be rendered.  All of these services, both past and future, have been and will be made necessary in connection with the proper treatment of the injuries sustained and suffered by Plaintiffs as a result of the accident.

CMXPDF - www.texio.com

Plaintiffs would further show that in the event they had pre-existing conditions in their body prior to the incident made the basis of this suit, that such conditions were aggravated and/or re-injured and worsened by the injuries sustained as a result of the negligence of the Defendants.

### VIII.

On the date of the occurrence in question, Plaintiff ANA TURRUBIATES was a woman of the age of 31 and had a life expectancy in excess of 49.1 according to the U.S. Life Tables of 1990.

On the date of the occurrence in question, Plaintiff MIGUEL TURRUBIATES was a young man of the age of 8 years and had a life expectancy in excess of 64.8 according to the U.S. Life Tables of 1989.

On the date of the occurrence in question, Plaintiff JOSE DAVID TURRUBIATES was a boy of the age of 2 years and had a life expectancy in excess of 71.6 according to the U.S. Life Tables of 1989.

On the date of the occurrence in question, Plaintiff ALBERT SALAZAR was a woman of the age of 44 and had a life expectancy in excess of 32.5 according to the U.S. Life Tables of 1990.

Plaintiffs seek pre-judgment interest on any money damages awarded to him, either in general damages or special damages plead herein, including, but not limited to, general damages, punitive damages, and reasonable attorney's fees.

### X.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendant be cited to appear and answer herein; that upon trial of this cause the Plaintiffs have and recover of from

CVAPDF - www.fasitu.com

the Defendant judgment to compensate them for the injuries they suffered as a result of the "negligence" of the Defendant. Plaintiffs seek compensatory damages and punitive damages as provided by the Laws of the State of Texas for the above described breaches in providing defective vehicles, punitive damages and if appropriate attorney's fees. As against the Defendant, Plaintiffs seek damages against the Defendant for costs of Court expended, and for such other and further relief, both general and special, at law or in equity, to which they may show himself to be justly entitled.

Respectfully submitted on this the __1st__ day of May, 1999.

EDDINGTON & ASSOCIATES, L.L.P.
1926 E. Elizabeth
Brownsville, Texas 78520
(956) 546-0333

Ray R. Marchan

C. .tion for Personal Service – NON-RESIDENT NOTICE      Lit. Seq. # 5.003.01

No. 99-05-02325-E

ORIGINAL

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: THE PEP BOYS
    MANNY,MOE & JACK OF
    CALIFORNIA,INC.
    CORPORATION SERVICE COMPANY
    800 BRAZOS
    AUSTIN, TEXAS 78701
the      DEFENDANT      , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said       PETITION       was filed on    MAY 20, 1999    .  A copy of same accompanies this citation.

The file number of said suit being No. 99-05-02325-E.

The style of the case is:

ANA MARIA TURRUBIATES,. ET AL.
VS.
THE PEP BOYS-MANNY,MOE&JACK OF CALIFORNIA,INC.ET A

Said petition was filed in said court by       HON. RAY R. MARCHAN
(Attorney for            PLAINTIFF            ), whose address is
1926 EAST ELIZABETH BROWNSVILLE TX  78520                        .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 20th day of    MAY   , A.D. 1999.

                        AURORA DE LA GARZA    , DISTRICT CLERK
                        Cameron County, Texas
                        974 E. Harrison St.
                        Brownsville, Texas 78521
                        By: Ricy M. Cornejo          , Deputy

                        RICK M. CORNEJO

# RETURN OF OFFICER

Came to hand the _20th_ day of _May_, 19_99_, at _6:30_ o'clock _P_.M., and executed (not executed) on the _26th_ day of _May_, 19_99_, by delivering to _The Pep Boys Manny, Moe + Jack of California, Inc. Corporation Service Company_ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _Plaintiffs Original Petition_ _____

Cause of failure to execute this citation is: _____

_C. P._

FEES serving 1 copy

Total....... $ _45.00_     Sheriff/constable _Cameron_ County,

Fees paid by: _Atty_     By _Linda M. Salazar_ Deputy

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to:
The Pep Boys
Manny, Moe & Jack of
California, Inc.
Corporation Service Company
800 Brazos
Austin, Texas 78701

4a. Article Number
P 214 957 860
4b. Service Type
☐ Registered   ☒ Certified
☐ Express Mail   ☐ Insured
☐ Return Receipt for Merchandise   ☐ COD
7. Date of Delivery
MAY 2 1999

5. Received By: (Print Name)

6. Signature: (Addressee or Agent)
X

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, December 1994     102595-97-B-0179     Domestic Return Receipt

FILED
AURORA DE LA GARZA DIST CLERK
MAY 28 1999
DISTRICT COURT OF CAMERON COUNTY TEXAS

Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 5.004.01

No. 99-05-02325-E

ORIGINAL

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: CORNELL CORPORATION
SERVING AGENT FOR SERVICE
MS. NANCY MCGEE
13355 NOEL ROAD, #1800
DALLAS, TEXAS 75240

the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____ PETITION _____ was filed on MAY 20, 1999 . A copy of same accompanies this citation.

The file number of said suit being No. 99-05-02325-E.

The style of the case is:

ANA MARIA TURRUBIATES, ET AL.
VS.
THE PEP BOYS-MANNY,MOE&JACK OF CALIFORNIA,INC.ET A

Said petition was filed in said court by _____ HON. RAY R. MARCHAN _____
(Attorney for _____ PLAINTIFF _____), whose address is
1926 EAST ELIZABETH BROWNSVILLE TX  78520

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 20th day of _____ MAY _____, A.D. 1999.

AURORA DE LA GARZA _____, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
By:_____, Deputy

RICK M. CORNEJO

## RETURN OF OFFICER

Came to hand the _20th_ day of _May_, 19_99_, at _6:30_ o'clock _P_.M., and

executed (not executed) on the _25th_ day of _May_, 19_99_, by delivering to

_Cornell Corporation Serving Agent For Service_ in person a true copy of this Citation,

_Ms. Nancy McGee_ upon which I endorsed the date of delivery, together with the accompanying copy

of the _Plaintiffs Original Petition_

Cause of failure to execute this citation is: _____

_____

_C. P._

FEES serving 1 copy        ~~Sheriff~~/constable _Cameron_ County,

Total....... $ _45.00_        By _Linda M Salazar_ Deputy

Fees paid by: _Atty_

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

Cornell Corporation
Serving Agent for Service
Ms. Nancy McGee
13355 Noel Road # 1800
Dallas, Texas  75240

4a. Article Number
P 214 957 861

4b. Service Type
☐ Registered        ☒ Certified
☐ Express Mail      ☐ Insured
☐ Return Receipt for Merchandise   ☐ COD

7. Date of Delivery
5/25/99

5. Received By: (Print Name)
_PAT LANEY_

6. Signature: (Addressee or Agent)
X _Pat Laney_

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, December 1994        102595-97-B-0179    Domestic Return Receipt

FILED 8:00 o'clock ___ M
AURORA DE LA GARZA DIST. CLERK
JUN - 1 1999
DISTRICT COURT OF CALHOUN COUNTY, TEXAS
_Carol L. Warton_

Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 5.005.01

No. 99-05-02325-E                  ORIGINAL

THE   STATE   OF   TEXAS

  NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: COOPER TIRE & RUBBER COMPANY
  SERVING ITS REGISTERED AGENT
  C.T. CORPORATION SYSTEMS
  359 N. ST. PAUL STREET
  DALLAS, TEXAS 75201

the   DEFENDANT   , GREETING:

  You are commanded to appear by filing a written answer to the

PLAINTIFFS ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said   PETITION    was filed on MAY 20, 1999 .  A copy of same accompanies this citation.

The file number of said suit being No. 99-05-02325-E.

The style of the case is:

  (    ANA MARIA TURRUBIATES,. ET AL.
           VS.
  ( THE PEP BOYS-MANNY,MOE&JACK OF CALIFORNIA,INC.ET A
             )

Said petition was filed in said court by   HON. RAY R. MARCHAN
(Attorney for   PLAINTIFF   ), whose address is
1926 EAST ELIZABETH BROWNSVILLE TX  78520   .

  The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

  The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

  Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 20th day of   MAY  , A.D. 1999.

      AURORA DE LA GARZA , DISTRICT CLERK
      Cameron County, Texas
      974 E. Harrison St.
      Brownsville, Texas 78521

      By: _____ , Deputy
        RICK M. CORNEJO

# R E T U R N   O F   O F F I C E R

Came to hand the __20th__ day of __May__, 19__99__, at __6:30__ o'clock __P__.M., and

executed (not executed) on the __26th__ day of __May__, 19__99__, by delivering to

__Cooper Tire & Rubber Company__ in person a true copy of this Citation,

__Serving its Registered Agent__

__C.T. Corporation System,__

upon which I endorsed the date of delivery, together with the accompanying copy

of the __Plaintiffs Original Petition__

Cause of failure to execute this citation is: _____

C. P.

FEES serving 1 copy

Total....... $ __45.__ __oo__       ~~Sheriff~~/constable __Cameron__ County,

Fees paid by: __Atty__          By __Linda M. Salazar__ Deputy

---

SENDER:
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

| 3. Article Addressed to: | 4a. Article Number |
|---|---|
| Cooper Tire & Rubber Co. Serving Its Registered Agen C.T. Corporation Systems 359 N. St. Paul Street Dallas, Texas 75201 | P 214 957 862 |

4b. Service Type
☐ Registered    ☒ Certified
☐ Express Mail    ☐ Insured
☐ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery 5-26

5. Received By: (Print Name)

6. Signature: (Addressee or Agent) CT CORP SYSTEMS
X

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, December 1994    102595-97-B-0179    Domestic Return Receipt

FILED 3:00 O'CLOCK __A__ M
AURORA DE LA GARZA DIST. CLERK
JUN -1 1999
DISTRICT COURT OF CAMERON CO., TX
DEPUTY

443

## CAUSE NO. 99-05-2325-E

JUN 1 1 1999

| | | |
|---|---|---|
| ANA MARIA TURRUBIATES, | * | IN THE DISTRICT COURT |
| Individually and As Next Friend of | * | |
| JOSE DAVID TURRUBIATES and | * | JANIE WOLFE |
| MIGUEL TURRUBIATES, Minors; and | * | |
| ALBERT SALAZAR | * | |
| | * | |
| VS. | * | OF CAMERON COUNTY, TEXAS |
| | * | |
| THE PEP BOYS – MANNY, MOE & | * | |
| JACK OF CALIFORNIA, INC.; | * | |
| CORNELL CORPORATION; and | * | |
| COOPER TIRE & RUBBER | * | |
| COMPANY | * | 357th JUDICIAL DISTRICT |

## DEFENDANTS' MOTION TO TRANSFER VENUE, AND SUBJECT THERETO, ORIGINAL ANSWER AND JURY DEMAND

### TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW COOPER TIRE & RUBBER COMPANY and PEP BOYS – MANNY, MOE & JACK OF DELAWARE, INC. (incorrectly named as The Pep Boys – Manny, Moe & Jack of California, Inc. in Plaintiffs' Original Petition), Defendants in the above entitled and numbered cause, and, prior to filing their Original Answer and Jury Demand in this cause, file this their Motion to Transfer Venue, pursuant to Section 15.002 of the Texas Civil Practices & Remedies Code and Rule 86 of the Texas Rules of Civil Procedure, and in support thereof would show the Court as follows:

### MOTION TO TRANSFER VENUE

#### I.

Defendants object to venue in Cameron County, Texas, on the ground that said county is not a county where venue of this action is proper, and no basis exists mandating or permitting venue of the action in said county. Cameron County is not a county of proper venue because Defendants do not have a principal office in Cameron County, upon information and belief the cause of action did not accrue in Cameron County, and no mandatory or permissive exception authorizes the maintenance of the action against Defendants in Cameron County.

## II.

Defendants would further show the Court that Defendant Cooper Tire & Rubber company is a Delaware corporation, with its principal office in Ohio, and Defendant Pep Boys – Manny, Moe & Jack of Delaware, Inc. is a Delaware corporation with its principal office in Pennsylvania. The venue provision of Tex. Civ. Prac. & Rem. Code §15.002 states that all lawsuits shall be brought:

(1)    In the county in which all or a substantial part of the events or omissions giving rise to the claim occurred; or

(2)    In the county of defendant's residence at the time the cause of action accrued if defendant is a natural person; or

(3)    In the county of the defendant's principal office in this state, if the defendant is not a natural person; or

(4)    If (1), (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

## III.

Defendants would show that Plaintiffs have failed to set forth any allegations in Plaintiffs' Original Petition setting forth the facts upon which Plaintiffs claim that venue is allegedly proper in Cameron County, Texas. However, to the extent Plaintiffs' Original Petition may contain such venue allegations, Defendants specifically deny same. Defendants would show that, if a cause of action against them exists, which is denied, the cause of action does not exist in Cameron County. Defendants further deny that they had a principal office in Cameron County, as that term is defined by Tex. Civ. Prac. & Rem. Code §15.001, at the time this action was instituted or at any time relevant to this cause of action. Upon information and belief, Defendants also specifically deny that the incident involving Plaintiff Albert Salazar which gives rise to the claims alleged in Plaintiffs' Original Petition accrued in Cameron County, Texas.

IV.

Defendants further aver that venue is proper in Dallas County, Texas, in that it is the county where a defendant has a principal office in this state for purposes of venue under Texas law.

V.

Defendants request that this action be transferred to a district court of Dallas County, Texas.

WHEREFORE, Defendants request that this Court grant Defendants' motion to transfer venue and transfer such cause to Dallas County, taxing costs incurred herein against Plaintiffs; and that Defendants have such other and further relief to which they may show themselves justly entitled to receive.

## ORIGINAL ANSWER AND JURY DEMAND
## SUBJECT TO MOTION TO TRANSFER VENUE

COME NOW COOPER TIRE & RUBBER COMPANY and PEP BOYS – MANNY, MOE & JACK OF DELAWARE, INC. (incorrectly named as The Pep Boys – Manny, Moe & Jack of California, Inc. in Plaintiffs' Original Petition), Defendants in the above-entitled and numbered cause, and, subsequent to filing their Motion to Transfer Venue, file this their Original Answer and Jury Demand Subject to Motion to Transfer Venue in response to Plaintiffs' Original Petition, and in support thereof, would show the Court as follows:

VI.

## GENERAL DENIAL

Defendants Cooper Tire & Rubber Company and Pep Boys – Manny, Moe & Jack of Delaware, Inc. (incorrectly named as The Pep Boys – Manny, Moe & Jack of California, Inc. in Plaintiffs' Original Petition), Defendants herein avail themselves of the opportunity provided by Rule 92 of the Texas Rules of Civil Procedure to file a general

denial herein; and in compliance with said Rule, Defendants deny each and every, all and singular, the material allegations contained in Plaintiffs' Original Petition and state that these are matters that should be proven by Plaintiffs as required by law; and Defendants would require strict proof thereof.

## VII.

## AFFIRMATIVE DEFENSES

7.01   For further answer, and pleading in the alternative, if such be necessary, Defendants further affirmatively allege that the claims of Plaintiffs Ana Maria Turrubiates, Individually and As Next Friend of Jose David Turrubiates and Miguel Turrubiates, Minors are barred, in whole or in part, due to the contributory negligence of Plaintiff Ana Maria Turrubiates in that she failed to exercise ordinary care, caution and prudence to avoid the incident and injuries at issue.  Plaintiff Ana Maria Turrubiates' acts and omissions, whether taken together or separately, proximately caused the injuries and damages to Plaintiffs which are alleged in Plaintiffs' petition.

7.02   For further answer, and pleading in the alternative, if such be necessary, Defendants further affirmatively allege that the claims of Plaintiff Albert Salazar are barred, in whole or in part, due to the contributory negligence of Plaintiff Albert Salazar in that he failed to exercise ordinary care, caution and prudence to avoid the incident and injuries at issue.  Plaintiff Albert Salazar's acts and omissions, whether taken together or separately, proximately caused the injuries and damages to Plaintiffs which are alleged in Plaintiffs' petition.

7.03   For further answer, and pleading in the alternative, if such be necessary, Defendants further affirmatively allege that if Plaintiffs were injured as alleged, which is not admitted but is expressly denied, such injuries were the result of an unavoidable accidents.

7.04   For further answer, and pleading in the alternative, if such be necessary, Defendants further affirmatively allege that the act(s) or omission(s) of a person or

persons other than Defendants was or were the sole proximate cause of the incidents in question.

7.05   For further answer, and pleading in the alternative, if such be necessary, Defendants further affirmatively allege that if Plaintiffs were injured as alleged, which is not admitted but is expressly denied, such injuries were caused or contributed to, in whole or in part, by a party or parties for whom Defendants are not responsible.

7.06   For further answer, and pleading in the alternative, if such be necessary, Defendants further affirmatively allege that the acts or omissions of Plaintiffs Ana Maria Turrubiate and/or Albert Salazar or other third parties were the sole proximate cause or a new and independent cause of the incidents and injuries complained of in this lawsuit.

7.07   For further answer, and pleading in the alternative, if such be necessary, Defendants affirmatively allege that the warranties and exclusions of warranties allegedly offered when the products in question were allegedly purchased limited the liability of the sellers and manufacturers to their provisions, and Plaintiffs' allegations of damages exceed the scope of those warranties and exclusions.

7.08   For further answer, and pleading in the alternative, if such be necessary, Defendants further affirmatively allege that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate the effect of their alleged injuries and damages as required by law.

7.09   For further answer, and pleading in the alternative, if such be necessary, Defendants further affirmatively allege that Plaintiffs are not entitled to recover any sum, or in the alternative, are allowed to recover no more than actual damages and attorney's fees, for any alleged violation of the Texas Deceptive Trade Practices Act, due to Plaintiffs' failure to provide adequate notice of their complaints prior to filing this lawsuit as required by Tex. Bus. & Comm. Code §17.505.

7.10   For further answer, and pleading in the alternative, if such be necessary, Defendants further affirmatively allege that Plaintiffs are not entitled to recover any sum,

or in the alternative, are allowed to recover no more than actual damages and attorney's fees, for violation of the Texas Deceptive Trade Practices Act, due to Plaintiffs' failure to allow Defendants a reasonable opportunity to cure the defects, if any, complained of pursuant to Tex. Bus. & Comm. Code §17.505.

7.11   For further answer, and pleading in the alternative, if such be necessary, Defendants further affirmatively allege that Plaintiffs are not entitled to recover any sum, or in the alternative, are allowed to recover no more than actual damages and attorney's fees, for violation of the Texas Deceptive Trade Practices Act, as such violation, if any, resulted from a bona fide error notwithstanding the use of reasonable procedures adopted to avoid the error, if any.

7.12   For further answer, and pleading in the alternative, if such be necessary, Defendants further affirmatively allege that Plaintiffs are not entitled to recover any sum or amount of the damages which they allege for the reason that such damages were proximately caused by Plaintiffs' misuse of the vehicles in question.

7.13   For further answer, and pleading in the alternative, if such be necessary, Defendants further affirmatively allege that Plaintiffs are not entitled to recover any sum or amount of the damages which they allege for the reason that such damages were proximately caused by the Plaintiffs' failure to properly maintain the vehicles in question.

7.14   For further answer, and pleading in the alternative, if such be necessary, Defendants further affirmatively allege that the damages in this case, if any, were proximately caused by the negligence of third parties and any recovery should be barred or diminished under the applicable provisions of the law.

7.15   For further answer, and pleading in the alternative, if such be necessary, Defendants further invoke the provisions of §33.001 of the Texas Civil Practice & Remedies Code.  In this case, Defendants allege that the negligence of Plaintiffs is fifty-

one percent (51%) or greater, and therefore, no damages may be recovered from Defendants.

7.16   For further answer, and pleading in the alternative, if such be necessary, Defendants further invoke the provisions of §33.013 of the Texas Civil Practices & Remedies Code in the unlikely event that liability is established by the Plaintiffs in this cause.

7.17   For further answer, and pleading in the alternative, if such be necessary, Defendants further specifically deny that they are liable for prejudgment interest in this cause of action as pled by Plaintiffs.

7.18   For further answer, and pleading in the alternative, if such be necessary, Defendants further affirmatively deny that they are liable for exemplary damages and plead affirmatively the provisions of Chapter 41, of the Texas Civil Practices & Remedies Code, including the provisions on applicability, standards for recovery, preclusions, prejudgment interest, and limitations on amount.

7.19   For further answer, and pleading in the alternative, if such be necessary, Defendants further affirmatively state that an award of punitive damages in this case would violate the procedural due process guaranteed by the Constitution of the United States.  Texas Law, and the instructions given to the jury, are vague and standardless as to whether and how much to punish  Defendants, and are likely to produce arbitrary and capricious results.  Therefore, any award of punitive damages should be disallowed, or declared null and void.

7.20   For further answer, and pleading in the alternative, if such be necessary, Defendants further affirmatively allege that Plaintiffs are not entitled to exemplary or punitive damages as alleged, for the reason that exemplary damages are unconstitutional and violative of the provisions of the United States Constitution and the Texas Constitution, including but not limited to the following provisions:

(a)  <u>Proscription on excessive fines</u>.  U. S. Constitution Amendment 8; Texas Constitution Article I, Section 13.

(b)  <u>Requirements of Due Process</u>.  U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 13 and 19.

(c)  <u>Requirement of Equal Protection Under the Law</u>.  U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 3 and 3a.

(d)  <u>Proscription on Ex Post Facto and Retroactive Law</u>.  U. S. Constitution Article I, Section 10; Texas Constitution Article I, Section 16.

(e)  Such punitive damages are penal in nature.  Under Texas law, they are not tied to any fair, just, and reasonable relation to actual damages.  Consequently, exemplary damages violate the contract clause of the U. S. Constitution, U. S. Constitution Article I, Section 10.

## VIII.

## <u>JURY DEMAND</u>

Defendants hereby request a trial by jury.

WHEREFORE, Defendants Cooper Tire & Rubber Company and Pep Boys – Manny, Moe & Jack of Delaware, Inc. (incorrectly named as The Pep Boys – Manny, Moe & Jack of California, Inc. in Plaintiffs' Original Petition) pray that upon final trial and hearing hereof, they have judgment in accordance with the law and facts as found by this Honorable Court and Jury, and for such other and further relief, legal or equitable, general or special, to which they may show themselves justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
    Eduardo Roberto Rodriguez
State Bar No. 17144000
    Joseph A. (Tony) Rodriguez
State Bar No. 17146600
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANTS,
COOPER TIRE & RUBBER COMPANY AND
PEP BOYS – MANNY, MOE & JACK OF
DELAWARE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants Cooper Tire & Rubber Company and Pep Boys – Manny, Moe & Jack of Delaware, Inc.'s Motion to Transfer Venue, and Subject Thereto, Original Answer and Jury Demand was served upon all counsel of record, to-wit:

    Ray R. Marchan
    Eddington & Associates, L.L.P.
    1926 East Elizabeth
    Brownsville, Texas 78520
    Attorneys for Plaintiffs

by certified mail, return receipt requested, facsimile transmission, and/or hand delivery, pursuant to the Texas Rules of Civil Procedure, on this the 11th day of June, 1999.

_____
Joseph A. (Tony) Rodriguez

# CORNELL CORPORATION
### 1800 ONE GALLERIA TOWER
### 13355 NOEL ROAD
### DALLAS, TEXAS 75240-6615
## May 25, 1999

TELEPHONE
(214) 386-5728
FACSIMILE
(214) 386-5829

Mr. Ray R. Marchan
Eddington & Associates, L.L.P.
1926 E. Elizabeth
Brownsville, Tx 78520

**Certified Mail**
**No. Z 300 527 561**

RE:   Cause No. 99-05-02325-E in the District Court of Cameron County, Texas

Dear Mr. Marchan:

Per our phone conversation of earlier today, regarding the cited topic, please allow this letter to serve as our representation that Cornell Corporation (CC), whose principal address is 13355 Noel Road, Suite 1800, Dallas, Texas 75240, is not engaged, directly or indirectly, in the manufacturing of tires. CC is engaged in exploration and production of oil and gas.

Please have Cornell Corporation removed as defendant from the cited Cause. Thank you for your assistance with this matter. If you have any questions, please do not hesitate to call.

Very truly yours,

Brian Lee Modic
President

STATE OF TEXAS        )
                      :ss.
County of Dallas      )

On this 25th day of _____, 1999, before me, a Notary Public for the State of Texas, personally appeared Brian Lee Modic, President of Cornell Corporation, known to me to the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same as his free and voluntary act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my Official Seal on the day and year in this certificate first above written.

Notary Public for the State of Texas
Residing at: _____
My Commission expires: 5-18-02

PATRICIA M. LANEY
Notary Public, State of Texas
My Commission Exp. 06-18-2002

# EXHIBIT ___ D

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ANA MARIA TURRUBIATES | § | |
| INDIVIDUALLY AND AS | § | |
| NEXT FRIEND OF JOSE DAVID | § | |
| TURRUBIATES AND MIGUEL | § | |
| TURRUBIATES, MINORS; AND | § | |
| ALBERT SALAZAR | § | |
| | § | |
| | § | CIVIL ACTION NO. B-99-101 |
| | § | |
| THE PEP BOYS-MANNY, MOE | § | |
| & JACK OF CALIFORNIA, INC.; | § | |
| CORNELL CORPORATION; AND | § | |
| COOPER TIRE & RUBBER COMPANY | § | |

## PLAINTIFFS' MOTION FOR DISMISSAL OF DEFENDANT CORNELL CORPORATION

PLAINTIFFS ANA MARIA TURRUBIATES INDIVIDUALLY AND AS NEXT FRIEND OF JOSE DAVID TURRUBIATES AND MIGUEL TURRUBIATES, MINOR AND ALBERT SALAZAR and files this their Motion for Dismissal of Defendant Cornell Corporation as this Defendant is an improper defendant.

### INTRODUCTION

1.    PLAINTIFFS ANA MARIA TURRUBIATES INDIVIDUALLY AND AS NEXT FRIEND OF JOSE DAVID TURRUBIATES AND MIGUEL TURRUBIATES, MINOR AND ALBERT SALAZAR, sued DEFENDANTS THE PEP BOYS-MANNY, MOE & JACK OF CALIFORNIA, INC., CORNELL CORPORATION, AND COOPER TIRE & RUBBER COMPANY for personal injuries.

2.    Defendants The Pep Boys-Manny, Moe & Jack of California, Inc. and Cooper Tire & Rubber Company filed an answer.

# EXHIBIT _____ E

3.    Defendant Cornell Corporation did not file an answer.

## ARGUMENT

4.    When this case was retained by our firm, a reasonable investigation was done to determine which Defendant were liable for the personal injuries sustained by the Plaintiffs.

5.    It was discovered that the tires involved in both accidents had the name "CORNELL" imprinted on them.

6.    A search for a CORNELL Company or Corporation was done.

7.    An agent for service was found for Cornell Corporation and they were included in the lawsuit and were served.

8.    Subsequent to being served, an attorney representing Cornell Corporation called Plaintiffs' counsel and explained the type of business that their client was involved in which did not include tires. Thus, it was discovered that Cornell was not a proper defendant.

## CONCLUSION

9.    Because plaintiffs filed suit against an improper defendant, the court should dismiss Plaintiffs' suit against Defendant Cornell Corporation and same should be completely dropped from this lawsuit.

## PRAYER

7.    For these reasons, Plaintiffs asks the court to grant their Motion for Dismissal of Defendant Cornell Corporation.


Respectfully submitted on this the _1st_ day of February, 2000.

HARRIS & WATTS, P.C.
1926 E. Elizabeth
Brownsville, Texas   78520
(956) 546-0333

_Ray R. Marchan_

Ray R. Marchan
Federal Bar Number 9522
State Bar Number 12969050

## CERTIFICATE OF CONFERENCE

I hereby certify that a telephone call was made to opposing counsel, Mr. Eduardo Rodriguez, to advise him of the foregoing motion. He indicated that he does not opposed the foregoing motion.

HARRIS & WATTS, P.C.
1926 E. Elizabeth
Brownsville, Texas   78520
(956) 546-0333

_Ray R. Marchan_

Ray R. Marchan

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ANA MARIA TURRUBIATES          §
INDIVIDUALLY AND AS            §
NEXT FRIEND OF JOSE DAVID      §
TURRUBIATES AND MIGUEL         §
TURRUBIATES, MINORS; AND       §
ALBERT SALAZAR                 §
                               §
                               §          CIVIL ACTION NO. B-99-101
                               §
                               §
THE PEP BOYS-MANNY, MOE        §
& JACK OF CALIFORNIA, INC.;    §
CORNELL CORPORATION; AND       §
COOPER TIRE & RUBBER COMPANY   §

ORDER GRANTING PLAINTIFFS' MOTION FOR DISMISSAL OF
DEFENDANT CORNELL CORPORATION

On _____, 2000, the court considered Plaintiffs'

Motion for Dismissal of Defendant Cornell Corporation. After considering the

motion and other documents in the file, the court GRANTS the motion.

SIGNED_____, 2000.


_____
U.S. DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ANA MARIA TURRUBIATES §
INDIVIDUALLY AND AS §
NEXT FRIEND OF JOSE DAVID §
TURRUBIATES AND MIGUEL §
TURRUBIATES, MINORS; AND §
ALBERT SALAZAR §
§
§        CIVIL ACTION NO. B-99-101
§
THE PEP BOYS-MANNY, MOE §
& JACK OF CALIFORNIA, INC.; §
CORNELL CORPORATION; AND §
COOPER TIRE & RUBBER COMPANY§

PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED PLEADING

PLAINTIFFS ANA MARIA TURRUBIATES INDIVIDUALLY AND AS

NEXT FRIEND OF JOSE DAVID TURRUBIATES AND MIGUEL TURRUBIATES,

MINOR AND ALBERT SALAZAR request leave of court to amend its Original

Complaint, as permitted by Fed.R.Civ.P. 15(a).

INTRODUCTION

1.    PLAINTIFFS ANA MARIA TURRUBIATES INDIVIDUALLY AND AS

NEXT FRIEND OF JOSE DAVID TURRUBIATES AND MIGUEL TURRUBIATES,

MINOR AND ALBERT SALAZAR, sued DEFENDANTS THE PEP BOYS-MANNY,

MOE & JACK OF CALIFORNIA, INC., CORNELL CORPORATION, AND COOPER

TIRE & RUBBER COMPANY for personal injuries.

2.    Defendants THE PEP BOYS-MANNY, MOE & JACK OF CALIFORNIA, INC.

AND COOPER TIRE & RUBBER COMPANY filed an answer.

3.    Defendant Cooper Tires have not filed an answer.

**EXHIBIT** _____ F

## GROUNDS

4.    The court should allow the filing of Plaintiffs' amended pleading because Plaintiffs have determined that Defendant Cornell Corporation should not be part of this lawsuit and Plaintiffs wish to dismiss this Defendant.

5.    Additionally, the court should allow the filing of Plaintiffs' amended pleading because Plaintiffs have also determined the amount of controversy and would like to plead such amount.

5.    Plaintiff is filing its amended pleading contemporaneously with this motion.

6.    Defendants THE PEP BOYS-MANNY, MOE & JACK OF CALIFORNIA, INC. AND COOPER TIRE & RUBBER COMPANY will not be prejudiced by Plaintiffs' amended pleading.

## PRAYER

7.    For these reasons, Plaintiffs asks the court to grant their Motion for Leave to file the amended pleading.

Respectfully submitted on this the ___1st___ day of February, 2000.

HARRIS & WATTS, P.C.
1926 E. Elizabeth
Brownsville, Texas   78520
(956) 546-0333


Ray R. Marchan
Federal Bar Number 9522
State Bar Number 12969050

## CERTIFICATE OF CONFERENCE

I hereby certify that a telephone call was made to opposing counsel, Mr. Eduardo Rodriguez, to advise him of the foregoing motion. He indicated that he was not opposed to the filing of the foregoing motion.

HARRIS & WATTS, P.C.
1926 E. Elizabeth
Brownsville, Texas  78520
(956) 546-0333


Ray R. Marchan

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ANA MARIA TURRUBIATES | § | |
| INDIVIDUALLY AND AS | § | |
| NEXT FRIEND OF JOSE DAVID | § | |
| TURRUBIATES AND MIGUEL | § | |
| TURRUBIATES, MINORS; AND | § | |
| ALBERT SALAZAR | § | |
| | § | |
| | § | CIVIL ACTION NO. B-99-101 |
| | § | |
| THE PEP BOYS-MANNY, MOE | § | |
| & JACK OF CALIFORNIA, INC.; | § | |
| CORNELL CORPORATION; AND | § | |
| COOPER TIRE & RUBBER COMPANY | § | |

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND

On _____, 2000, the court considered Plaintiffs'

Motion for leave to amend. After considering the motion and other documents in

the file, the court GRANTS the motion.

SIGNED_____, 2000.

_____
U.S. DISTRICT JUDGE