*11*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
**FILED**

**MAY 1 0 2001**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| PRO SE-ALBERT SALAZAR | § | |
| | § | |
| PRO SE-ANA MARIA TURRUBIATES | § | |
| | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-01-032 |
| | § | |
| THE PEP BOYS-MANNY, MOE & | § | |
| JACK OF CALIFORNIA, INC.; | § | |
| CORNELL CORPORATION; and | § | |
| COOPER TIRE & RUBBER COMPANY | § | |

**DEFENDANT CORNELL CORPORATION'S MOTION FOR
JUDGMENT ON THE PLEADINGS OR, ALTERNATIVELY,
FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

Cornell Corporation, Defendant, moves for judgment on the pleadings in this matter

under Rule 12(c) or, in the alternative, for summary judgment under Rule 56.

I.

Defendant Cornell Corporation has been fraudulently joined in this lawsuit. Plaintiffs'

claims arise out of two different automobile accidents which Plaintiffs allege resulted from

failure of the tires on the vehicles involved.[1] Plaintiffs allege that Cornell was "engaged in the

business of distributing, selling, selecting and installing tires."[2]

---

[1]*See*, Exhibit "A," Plaintiffs' Original Petition, Cause No. 2000-01-378-C, 197th District Court,
Cameron County, Texas, at 3.

[2]*Id.*

**DEFENDANT CORNELL CORPORATION'S MOTION FOR JUDGMENT ON THE
PLEADINGS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**       **PAGE 1**
031459 000011 Dallas 1283830.1

But this allegation is patently false. Cornell is an oil and gas company and has absolutely nothing to do with distributing, selling, selecting, or installing tires.[3] Plaintiffs previously admitted this fact and moved to dismiss Cornell in a prior lawsuit involving the same claims and parties as this lawsuit.[4] From Plaintiffs' motion, it is apparent that Cornell was sued merely because the name "CORNELL" was imprinted on the side of the tires involved.[5] In this motion, Plaintiffs made the judicial admission that, after being contacted by Cornell's attorneys and told the nature of Cornell's busniness, Plaintiffs "discovered that Cornell was not a proper defendant."[6]

## II.

Cornell's motion for summary judgment should be granted on the ground that the pleadings and attached affidavits show that there is no genuine issue of material fact and that Cornell is entitled to judgment as a matter of law.

For the same reasons set forth above, the pleadings and attached affidavits show that Cornell is not a proper party to this lawsuit: Plaintiffs seek to recover based on allegations of defective tires, but Cornell has nothing to do with the manufacture, sale, or distribution of any tires. Thus, the Court should grant Cornell's motion for summary judgment.

---

[3]*See* Exhibit "B," Affidavit of Brian Lee Modic, at 1 (averring that "Cornell Corporation . . . is not engaged, directly or indirectly, in the manufacturing of tires. [Cornell Corporation] is engaged in the exploration and production of oil and gas.").

[4]*See* Exhibit "C," Plaintiffs' Motion for Dismissal of Defendant Cornell Corporation, *Ana Maria Turrubiates, et al. v. The Pep Boys-Manny, Moe & Jack of California, Inc.*, et al., Civil Action No. B-99-101, United States District Court, Souther District of Texas, Brownsville Division, at 2.

[5]*Id.*

[6]*Id.*

**DEFENDANT CORNELL CORPORATION'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**          **PAGE 2**
031459 000011 Dallas 1283830.1

In addition, the Court should grant Cornell's motion for summary judgment on the ground that the applicable statute of limitation bars the adult Plaintiffs' claims against Cornell. Plaintiffs' claims arise out of automobile accidents that occurred on or about May 23, 1997 and August 25, 1998.[7] This lawsuit was filed on January 23, 2001. The applicable statute of limitations applicable to the adult Plaintiffs' claims bars actions brought later than two years after the claim accrues.[8] Because Plaintiffs filed this lawsuit after the applicable limitations period expired, their claims fail as a matter of law.

<u>PRAYER</u>

For these reasons, Cornell asks the Court to grant this motion for judgment on the pleadings dismissing Plaintiffs' claims against Cornell with prejudice.

Alternatively, Cornell asks the Court to grant this motion for summary judgment granting Cornell all relief requested in this motion.

Furthermore, Cornell asks the Court to find Plaintiffs liable to Cornell for:

- Costs of Court; and

- Such other relief as the Court deems just and proper.

---

[7] *See* Exhibit "A," Plaintiffs' Original Petition, Cause No. 2000-01-378-C, 197th District Court, Cameron County, Texas, at 3.

[8] *See* TEX. CIV. PRAC. & REM. CODE. § 16.003(a) (Vernon Supp. 2001).

DEFENDANT CORNELL CORPORATION'S MOTION FOR JUDGMENT ON THE
PLEADINGS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT          PAGE 3
031459 000011 Dallas 1283830.1

Respectfully submitted,

By: _____
    Greg W. Curry
    State Bar No. 05270300

THOMPSON & KNIGHT L.L.P.
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
(214) 969-1700
(214) 969-1751 (facsimile)

ATTORNEYS FOR DEFENDANT,
CORNELL CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered via Certified Mail, Return Receipt Requested, on this the ___ day of May, 2001, to the following parties of record:

Albert Salazar (Pro Se)                      Jose E. Garcia
654 Eastwood Ct.                             Francisco R. Villarreal
Brownsville, Texas 78521                     GARCIA & VILLARREAL, L.L.P.
(956) 546-1370                               4401 North McColl
                                             McAllen, Texas 78504
Ana Maria Turrubiates (Pro Se)
447 Rey Juan Carlos
Brownsville, Texas 78521

_____
Greg W. Curry

Case 1:01-cv-00032   Document 11   Filed in TXSD on 05/10/2001   Page 5 of 20

FILED ___ O'CLOCK ___
AURORA DE LA GARZA DIST. CLER

JAN 23 2001

DISTRICT COURT OF CAMERON COUNTY, TEX
By _____

CAUSE NO. 2001-01-378-C

| | |
|---|---|
| PROSE -ALBERT SALAZAR | ) IN THE DISTRICT COURT |
| | ) |
| | ) |
| PROSE-ANA MARIA TURRBIATES | ) |
| | ) |
| VS. | ) OF CAMERON COUNTY, |
| | ) TEXAS 197th |
| | ) |
| THE PEP BOYS-MANNY, MOE & JACK | ) |
| OF CALIFORNIA, INC. CORNELL | ) |
| CORPORATION AND COPER TIRE & | ) |
| RUBBER COMPANY | ) |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, ANA MARIA TURRUBIATES INDIVIDUALLY AND AS

NEXT FRIEND OF JOSE DAVID TURRBIATES AND MIGUEL TURRUBIATES,

MINORS AND ALBERT SALAZAR hereinafter called Plaintiff's, complaining of THE

PEP BOYS-MANNY. MOE & JACK OF CALIFORNIA, INC., hereinafter referred to as

"Pep Boys", CORNELL CORPORATION AND COOPER TIRE & RUBBER

COMPANY, hereinafter called Defendants, and for cause of action would respectfully

show unto this Honorable Court the following:

### I.

Plaintiffs are individual residing is filed as a Level III case under the provisions of

Texas Rules Civil Procedure 190.4 (a).

Plaintiffs are individual residing in Cameron County, Texas.

Defendant THE PEP BOYS-MANNY,MOE & JACK OF CALIFORNIA, INC. is

a corporation authorized to conduct business in the State of Texas with its principal office

EXHIBIT "A"

Richardson, Texas, and may be served with process by serving its agent for service, Corporation Service Company, 800 Brazos Austin, Texas 78701.

Defendant CORNELL CORPORATION is a corporatoin authorized to conduct business in the State of Texas and may be served with process by serving its agent for service, Ms. Nancy McGee, 13355 Noel Road, #1800, Dallas, Texas 75240.

Defendant COOPER TIRE & RUBBER COMPANNY is a Delaware Corporation qualified to conduct business in the State of Texas and may be served with process by serving its agent for service, C. T. Corporation Systems, 359 N. St. Paul Street, Dallas, Texas 75201.

## II.

Plaintiffs file this suit for enforcement of claims against the defendant THE PEP BOYS - MANNY, MOE & JACK OF CALIFORNIA, INC., Cornell Corporation, AND COOPER TIRE & RUBBER COMPANY pursuant to the common law of the State of Texas including but not limited to those claims arising from acts of negligence; and breach of expressed and implied contracts, as well as breach of expressed and implied warranties, including but not limited to those covered by the Texas Deceptive Trade Practices Act and breach of the duty to reasonably warn the foreseeable users and consumers of their products. Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company had reason to know the particular purpose for which its product was required; and Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company had reason to know that the buyer was relying on the skill and judgment of Pep Boys to select or furnish a suitable product; and the product supplied by Pep Boys was unfit for the particular purpose for which it was purchased.

## III.

The event made the subject of this suit, hereinafter called the tire failures took place on May 23, 1997 and August 25, 1998.  Plaintiffs ANA MARIA TURRUBIATES INDIVIDUALLY AND AS NEXT FRIEND OF JOSE DAVID TURRUBIATES AND MIGUEL TURRUBIATES, MINORs were injured on August 25, 1998, when she was driving a van owned by her husband. Plaintiff took the said van to Pep Boys, on August 24, 1998, to install new tires.  Pep Boys installed the new tires Cornell manufactured by Cooper Tire & Rubber Company on the van and Pep Boys were paid for their services which included payment for road hazard insurance.

Plaintiff ALBERT SALAZAR was injured on May 23, 1997, when he was driving his Cadillac Fleetwood when the Cornell tires manufactured by Cooper Tire & Rubber Company and selected and installed by Pep Boys failed causing a severe accident.

Plaintiffs were severely injured when their vehicle went out of control because of the failure of the recently installed Cornell tires.  Said newly installed tires by Pep Boys failed in normal use causing plaintiffs' vehicles to go out of control causing severe injuries and damages to Plaintiffs as hereinafter set out with more particularity.

At all times material hereto, Defendants Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company were engaged in the business of distributing, selling, selecting and installing tires.  At the time of accident, the tires were essentially in the same condition it was in when placed into the stream of commerce to be purchased by consumers such as the plaintiffs. Plaintiffs say that the new tires intalled in the vehicle they were driving failed during normal and foreseeable uses, were in defective condition and unreasonably dangerous when it failed and caused the vehicles to go out of control causing an accident injurying all plaintiffs.  This dangerous condition was the proximate cause of the injuries of Plaintiffs as set out herein.

In the alternative, Plaintiff says that when the tires involved in the accident were sold to plaintiffs by Defendant Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company impliedly and expressly, warranted and guaranteed that the tires were safe for the use by persons operating and riding vehicles in the manner in which it was being operated at the time of the accident. Defendant further warranted that the tires were free from any defects in design, workmanship, construction, inspection, servicing and material; that such tires were appropriately sized and selected for installation; the tires would perform the actual service for which it was designed; and, was of such quality that it would not fail under foreseeable uses and cause injury or damages. These warranties were breached by Defendant Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company.

Through the Defendants' advertising programs, in which they solicit the public to purchase the above described tires which they distribute, sell and install, the Defendants Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company warrants and guarantees that the tires has been properly constructed, is suitable for its purpose and safe to use. Plaintiffs as foreseeable users, relied upon the Defendant Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company warranties and guarantees. Defendants Pep Boys, Cooper Tire & Rubber Company and Cornell Corporation breached such warranties.

Defendants Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company owed a duty to distribute, sell and install safe tires such as the ones described above so as to not cause injuries or damages to the general public including Plaintiffs.

Defendants Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company violated their duty when they distributed, sold and installed the defective tires as described hereinabove. It was foreseeable that Plaintiffs could be injured or suffer damages as a result of the acts or

CStPDF – www.texisi.com

omission to act of defendants Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company. Such acts or omissions being the actual and proximate cause of the injuries and damages complained of.

IV.

Additionally, Plaintiffs say that Defendants Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company are guilty of negligence and gross negligence in distributing, selling and installing defective tires including but not limited to:

1. in failing to warn the public of the defect or defects in the tires described above;

2. In failing to install adequate safety devices, that is a reasonable safe vehicle tire;

3. in using and installing safety devices, that is, new vehicle tires, which failed in use;

4. in failing to measure up to, or meet accepted industry standards, that is, to provide tires which would not fail during foreseable uses; and,

5 in failing to provide for plaintiffs' safety under the circumstances, that is to provide a safe tires.

Defendants Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company failed to place or cause to be placed, an adequate warning of any kind on or about said tires which would have alerted Plaintiffs and others of the danger of the tires causing vehicles to go out of control resulting in damages and injuries to those using said tires in their vehicles during normal use. It was readily foreseeable that a person using the tires, such as the tires complained of herein, would be involved and used on the roadways. This failure to warn Plaintiffs was a proximate cause of the injuries to them. The total want of care and the utter disregard of duty, while the Defendant Pep Boys, Cornell Corporation and Cooper Tire & Rubber Company knew or should have known of the unsafe condition of the tires during use, exhibits and reflects a total

want of care, and a conscious and willful indifference to the life and safety of Plaintiffs as well other persons.

## V.

Plaintiffs say further it was reasonably foreseeable that the tires could fail and that without proper installation an accident and injuries could occur. It was reasonably foreseeable that the tires would be used on the roadways. The failure of the Defendants' vehicle to provide safe and proper equipment to prevent loss of control, wrecks, and resulting injuries made the tires herein described unreasonably dangerous for its intended use. The failure of said tires to prevent loss of control, wrecks and resulting injuries was a proximate cause of the injuries to Plaintiffs.

Plaintiffs would show that the Defendants Pep Boys, Cornell Corporation, and Cooper Tire & Rubber Company by their acts and failure to act, in misrepresenting and allowing such defective products in the stream of commerce and more particularly for the use upon the roadways exhibited a willful and wanton disregard for the life and safety of Plaintiffs and other persons similarly situated.

At the time they were manufactured and at all times thereafter, the tires were not as warranted but rather were defective such that it was not fit for the purpose for which it was to be used, it would not pass without objection in the trade, and it was not free from defects. As a result of Defendants' breach of warranties, Plaintiff bring this cause of action pursuant to §17.50 and all relevant provisions of the Deceptive Trade Practices Consumer Protection Act, under the provision of Title 1, Chapter 2 of the Business and Commerce Code, and under the common law rules of warranty as follows:

(1)     The use or employment by any person of a false, misleading, or deceptive act or

practice that is specifically enumerated in a subdivision of Subsection (b) of

Section 17.46 of this subchapter;

(2)     breach of an express or implied warranty, that is, that the tires were in safe

condition for use and operation during foreseeable uses; and,

(3)     any unconscionable action or course of action by any person.

The nature, scope and extent of the operation of Defendants Pep Boys, Cornell

Corporation and Cooper Tire & Rubber Company and other distributors and/or sellers similarly

situated requires a significant award of punitive damages if said Defendants Pep Boys, Cornell

Corporation and Cooper Tire & Rubber Company and other similar entities are to take heed and

be influenced by said award, to conduct their business and to prevent tires being installed to

vehicles which cause loss of control from being utilized without due regard and concern for those

persons similarly situated who might be using such tires.

## VI.

Plaintiff, ANA TURRUBIATES, would show that by reason of the injuries sustained as

above alleged, Plaintiff Ana Turrubiates suffered serious and painful injuries to her neck, lower

back, right shoulder and body in general including mental anguish and suffering.   Ana

Turrubiates has suffered, suffers, and will continue to suffer permanent physical impairment to

her body as a whole as a result of the injuries sustained as above.  By reason of the foregoing

Plaintiff has been damaged by the Defendants in an amount in excess of the minimum

jurisdictional limits of this court.

Plaintiff, MIGUEL TURRUBIATES, would show that by reason of the injuries sustained as above alleged, Plaintiff Miguel Turrubiates suffered serious and painful injuries to his neck, lower back and body in general including mental anguish and suffering. Miguel Turrubiates has suffered, suffers, and will continue to suffer permanent physical impairment to his body as a whole as a result of the injuries sustained as above. By reason of the foregoing Plaintiff has been damaged by the Defendants in an amount in excess of the minimum jurisdictional limits of this court.

Plaintiff, JOSE DAVID TURRUBIATES, would show that by reason of the injuries sustained as above alleged, Plaintiff Jose David Turrubiates suffered serious and painful injuries to his neck, lower back and body in general including mental anguish and suffering. Jose David Turrubiates has suffered, suffers, and will continue to suffer permanent physical impairment to his body as a whole as a result of the injuries sustained as above. By reason of the foregoing Plaintiff has been damaged by the Defendants in an amount in excess of the minimum jurisdictional limits of this court.

Plaintiff, ALBERT SALAZAR, would show that by reason of the injuries sustained as above alleged, Plaintiff Albert Salazar suffered serious and painful injuries to her neck, lower back and body in general including mental anguish and suffering. Albert Salazar has suffered, suffers, and will continue to suffer permanent physical impairment to his body as a whole as a result of the injuries sustained as above. By reason of the foregoing Plaintiff Albert Salazar has been damaged by the Defendants in an amount in excess of the minimum jurisdictional limits of this court.

## VII.

Plaintiffs Ana Maria Turrubiates and Albert Salazar were gainfully employed. For sometime they have been unable to do the usual work they are accustomed to doing because of their physical injuries. Such work they have been able to do and will be able to do in the future, have been or will be done under the handicap of pain and suffering. For the balance of their life, it is reasonably probable that their earning capacity will be diminished, and that they will suffer a physical impediment. Their injuries and the effects thereof, are in reasonable probability of a lasting nature, and will handicap they for the balance of their life.

On account of the nature, seriousness, and severity of Plaintiffs' injuries, Plaintiffs have required medical care, nursing services, psychological and psychiatric care. They have been required to pay and incur liability to pay the charges which have been and will be made for such medical care services, nursing services, psychological and psychiatric care services. It is reasonably probable that they will require additional medical attention for medical care, nursing, psychological and psychiatric care service and/or hospital services, and that they will be required to pay and incur liability to pay the charges which will be made for such services.

The charges which have been and will be made for services rendered to Plaintiffs have represented and will represent the usual, reasonable, and customary charges for like or similar services in the vicinity where they have been and will be rendered. All of these services, both past and future, have been and will be made necessary in connection with the proper treatment of the injuries sustained and suffered by Plaintiffs as a result of the accident.

Plaintiffs would further show that in the event they had pre-existing conditions in their body prior to the incident made the basis of this suit, that such conditions were aggravated and/or re-injured and worsened by the injuries sustained as a result of the negligence of the Defendants.

## VIII.

On the date of the occurrence in question, Plaintiff ANA TURRUBIATES was a woman of the age of 31 and had a life expectancy in excess of 49.1 according to the U.S. Life Tables of 1990.

On the date of the occurrence in question, Plaintiff MIGUEL TURRUBIATES was a young man of the age of 8 years and had a life expectancy in excess of 64.8 according to the U.S. Life Tables of 1989.

On the date of the occurrence in question, Plaintiff JOSE DAVID TURRUBIATES was a boy of the age of 2 years and had a life expectancy in excess of 71.6 according to the U.S. Life Tables of 1989.

On the date of the occurrence in question, Plaintiff ALBERT SALAZAR was a woman of the age of 44 and had a life expectancy in excess of 32.5 according to the U.S. Life Tables of 1990.

Plaintiffs seek pre-judgment interest on any money damages awarded to him, either in general damages or special damages plead herein, including, but not limited to, general damages, punitive damages, and reasonable attorney's fees.

## X.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendant be cited to appear and answer herein; that upon trial of this cause the Plaintiffs have and recover of from

The Defendant judgement to compensate them for the injuries they suffered as a result of the negligence of the Defendant.  Plaintiffs seek compensatory damages and punitive damages as provided by the Laws of the State of Texas for the above described breaches in providing defective vehicles, punitive damages and if appropriate attorney's fees.  As against the Defendant, plaintiffs seek damages against the Defendant for costs of Court expended and for such other and further relief, both general and special at law or in equity to which they may show himself to be justly entitled.

Respectfully submitted on this the 23th day of January 2001.

PROSE–
ALBERT SALAZAR
654 EastWood Ct.
Brownsville, TX 78521
(956) 546-1370

Albert Salazar

PROSE
ANA MARIA TURRUBIATES
447 Rey Juan Carlos
Brownsville, TX 78521

Ana Maria Turrubiates

# CORNELL CORPORATION

1800 ONE GALLERIA TOWER
13355 NOEL ROAD
DALLAS, TEXAS 75240-6615
May 25, 1999

TELEPHONE
(214) 386-6725
FACSIMILE
(214) 386-4520

Mr. Ray R. Marchan
Eddington & Associates, L.L.P.
1926 E. Elizabeth
Brownsville, Tx 78520

Certified Mail
No. Z 300 527 561

RE:     Cause No. 99-05-02325-E in the District Court of Cameron County, Texas

Dear Mr. Marchan:

Per our phone conversation of earlier today, regarding the cited topic, please allow this letter to serve as our representation that Cornell Corporation (CC), whose principal address is 13355 Noel Road, Suite 1800, Dallas, Texas 75240, is not engaged, directly or indirectly, in the manufacturing of tires. CC is engaged in exploration and production of oil and gas.

Please have Cornell Corporation removed as defendant from the cited Cause. Thank you for your assistance with this matter. If you have any questions, please do not hesitate to call.

Very truly yours,

Brian Lee Modic
President

STATE OF TEXAS          )
                        :ss.
County of Dallas        )

On this 25th day of May, 1999, before me, a Notary Public for the State of Texas, personally appeared Brian Lee Modic, President of Cornell Corporation, known to me to the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same as his free and voluntary act and deed.

IN WITNES WHEREOF, I have hereunto set my hand and affixed my Official Seal on the day and year in this certificate first above written.

Notary Public for the State of Texas
Residing at: Dallas County, Tx.
My Commission expires: 5-18-02

PATRICIA M. LANEY
Notary Public, State of Texas
My Commission Exp. 05-18-2002

EXHIBIT
"B"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

ANA MARIA TURRUBIATES     §
INDIVIDUALLY AND AS     §
NEXT FRIEND OF JOSE DAVID     §
TURRUBIATES AND MIGUEL     §
TURRUBIATES, MINORS; AND     §
ALBERT SALAZAR     §
    §
    §    CIVIL ACTION NO. B-99-101
    §
THE PEP BOYS-MANNY, MOE     §
& JACK OF CALIFORNIA, INC.;     §
CORNELL CORPORATION; AND     §
COOPER TIRE & RUBBER COMPANY§

### PLAINTIFFS' MOTION FOR DISMISSAL OF
### DEFENDANT CORNELL CORPORATION

PLAINTIFFS ANA MARIA TURRUBIATES INDIVIDUALLY AND AS

NEXT FRIEND OF JOSE DAVID TURRUBIATES AND MIGUEL TURRUBIATES,

MINOR AND ALBERT SALAZAR and files this their Motion for Dismissal of

Defendant Cornell Corporation as this Defendant is an improper defendant.

### INTRODUCTION

1.     PLAINTIFFS ANA MARIA TURRUBIATES INDIVIDUALLY AND AS

NEXT FRIEND OF JOSE DAVID TURRUBIATES AND MIGUEL TURRUBIATES,

MINOR AND ALBERT SALAZAR, sued DEFENDANTS THE PEP BOYS-MANNY,

MOE & JACK OF CALIFORNIA, INC., CORNELL CORPORATION, AND COOPER

TIRE & RUBBER COMPANY for personal injuries.

2.     Defendants The Pep Boys-Manny, Moe & Jack of California, Inc. and Cooper

Tire & Rubber Company filed an answer.



EXHIBIT

"C"

3.    Defendant Cornell Corporation did not file an answer.

## ARGUMENT

4.    When this case was retained by our firm, a reasonable investigation was done to determine which Defendant were liable for the personal injuries sustained by the Plaintiffs.

5.    It was discovered that the tires involved in both accidents had the name "CORNELL" imprinted on them.

6.    A search for a CORNELL Company or Corporation was done.

7.    An agent for service was found for Cornell Corporation and they were included in the lawsuit and were served.

8.    Subsequent to being served, an attorney representing Cornell Corporation called Plaintiffs' counsel and explained the type of business that their client was involved in which did not include tires.  Thus, it was discovered that Cornell was not a proper defendant.

## CONCLUSION

9.    Because plaintiffs filed suit against an improper defendant, the court should dismiss Plaintiffs' suit against Defendant Cornell Corporation and same should be completely dropped from this lawsuit.

## PRAYER

7.    For these reasons, Plaintiffs asks the court to grant their Motion for Dismissal of Defendant Cornell Corporation.


Respectfully submitted on this the ___1st___ day of February, 2000.

HARRIS & WATTS, P.C.
1926 E. Elizabeth
Brownsville, Texas  78520
(956) 546-0333


Ray R. Marchan
Federal Bar Number 9522
State Bar Number 12969050


## CERTIFICATE OF CONFERENCE

I hereby certify that a telephone call was made to opposing counsel, Mr.
Eduardo Rodriguez, to advise him of the foregoing motion. He indicated that he
does not opposed the foregoing motion.

HARRIS & WATTS, P.C.
1926 E. Elizabeth
Brownsville, Texas  78520
(956) 546-0333


Ray R. Marchan

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | |
|---|---|
| ANA MARIA TURRUBIATES INDIVIDUALLY AND AS NEXT FRIEND OF JOSE DAVID TURRUBIATES AND MIGUEL TURRUBIATES, MINORS; AND ALBERT SALAZAR §§§§§§§§§ | |
| | CIVIL ACTION NO. B-99-101 |
| THE PEP BOYS-MANNY, MOE & JACK OF CALIFORNIA, INC.; CORNELL CORPORATION; AND COOPER TIRE & RUBBER COMPANY §§§§§ | |

## ORDER GRANTING PLAINTIFFS' MOTION FOR DISMISSAL OF DEFENDANT CORNELL CORPORATION

On _____, 2000, the court considered Plaintiffs'

Motion for Dismissal of Defendant Cornell Corporation.  After considering the

motion and other documents in the file, the court GRANTS the motion.

SIGNED_____, 2000.


_____
U.S. DISTRICT JUDGE