12

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 1 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| PRO SE-ALBERT SALAZAR | § | |
| | § | |
| PRO SE-ANA MARIA TURRUBIATES | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-01-032 |
| | § | |
| THE PEP BOYS-MANNY, MOE & JACK | § | |
| OF CALIFORNIA, INC., CORNELL | § | |
| CORPORATION AND COOPER TIRE & | § | |
| RUBBER COMPANY | § | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
## AND BRIEF IN SUPPORT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Defendants COOPER TIRE & RUBBER COMPANY ("Cooper Tire") and THE

PEP BOYS-MANNY, MOE & JACK OF DELAWARE, INC. ("Pep Boys") file this Motion

for Summary Judgment as to all claims asserted by Plaintiffs Ana Maria Turrubiates,

Individually and as Next Friend of Jose David Turrubiates and Miguel Turrubiates,

Minors, and Albert Salazar and Brief in Support.   Plaintiffs have not produced any

evidence to support their claims, have failed to communicate with Defendants regarding

their claims and failed to appear at the initial pretrial and scheduling conference on April

26, 2001.  Further, the negligence, gross negligence, strict liability and Texas Deceptive

Trade Practices Act ("D.T.P.A.") claims asserted by Plaintiffs are barred by the

applicable two year limitations period.

COPY

# I.
## INTRODUCTION AND PROCEDURAL HISTORY

This is a products liability case arising out of two separate automobile accidents. In its current form, this case involves two sets of Plaintiffs involved in two separate accidents that occurred on separate days, at different locations, involving different vehicles and different sets of tires, which were purchased on separate occasions.[1]  In short, this case involves two totally different and unrelated sets of facts and circumstances.  One of the motor vehicle accidents occurred on or about May 23, 1997 when plaintiff Albert Salazar lost control of his car.  The other motor vehicle accident occurred on or about August 25, 1998 when Ana Maria Turrubiates was involved in a single vehicle rollover accident.

Moreover, this lawsuit arises out of the same facts and claims from a prior lawsuit that was dismissed by stipulation.  The prior suit was originally filed in the 357th District Court of Cameron County, Cause Number 99-05-2325-E. It was subsequently removed to THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION, Civil Action Number B-99-101. On October 3, 2000, this Court entered an Amended Final Order of Dismissal. [2]

Because of the potential for confusion, due to the prior suit referenced above, the following brief procedural history of the two cases may be instructive:

1.  On May 19, 1999, Plaintiffs filed their Original Petition in the 357th District Court of Cameron County, Texas, under Cause Number 99-05-2325-E.

---

[1] Please see copy of Plaintiffs' Original Petition attached as Exhibit 1.
[2] Please see Amended Final Order of Dismissal attached as Exhibit 2.

---

*SALAZAR v. COOPER*                                    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND
                                                       BRIEF IN SUPPORT - PAGE 2

2.      On June 6, 1999, Defendants filed their Notice of Removal and a Notice to the District Clerk of the filing on June 14, 1999.  The case was assigned Civil Action Number B-99-101.

3.      On June 11, 1999, Defendants filed a Motion to Transfer Venue, and subject thereto, their Original Answer.

4.      On December 15, 1999, Defendants filed their Motion to Produce Evidence for Inspection with Order Setting Hearing and Order Granting same.

5.      On February 1, 2000, Plaintiffs' Motion for Dismissal of Defendant Cornell Corporation with Order Granting same was filed along with a Motion for Leave to File Amended Pleading; Order Granting same; and their First Amended Original Complaint.

6.      On February 25, 2000, Defendant Cooper Tire & Rubber Co., Filed a Motion to Sever along with an order Granting Motion to Produce Evidence.

7.      On April 20, 2000, a Mediation Order was signed by Judge Tagle.

8.      On April 27, 2000, a Motion to Reconsider Defendant's Motion to Sever with Order Setting Hearing and Order Granting was filed.

9.      On August 24, 2000, Defendant Cooper Tire & Rubber Co. filed its Second Motion to Produce Evidence for Inspection with Order Setting Hearing and Order Granting.

10.     On August 29, 2000, Defendant Cooper Tire & Rubber Co. filed a Motion for Continuance with Order Setting Hearing and Order Granting along with

---

a Second Motion to Reconsider Defendant's Motion to Sever with Order Setting Hearing and Order Granting.

11.     On September 15, 2000, Defendant Cooper Tire & Rubber Co. filed a Motion to Exclude Testimony of Plaintiff's Liability Experts with Order Setting Hearing and Order Granting along with Unopposed Second Motion for Continuance and Request for Emergency Hearing with Affidavit, Order Setting Hearing and Order Granting.  In addition, Defendants filed their Motion for Summary Judgment and Brief in support with affidavit, Order Setting Hearing, and Order Granting.

12.     On September 21, 2000, Defendants filed their Supplemental Motion for Summary Judgment As to Claims of Ana Maria Turrubiates.

13.     On October 2, 2000, the Amended Final Order of Dismissal Without Prejudice was signed by Judge Tagle.

14.     On January 23, 2001, the present suit was filed in the 197th District Court of  Cameron County, under Cause Number 2001-01-378-C.

15.     On February 22, 2001, Defendants filed their Notice of Removal.   The case was assigned Civil Action No. B-01-032.

16.     On April 26, 2001, this Court conducted an initial pretrial and scheduling conference.   Counsel for all Defendants appeared.   Plaintiffs failed to appear.

17.     On May 9, 2001, this Motion was filed.

## III.
## ARGUMENT AND AUTHORITIES

In a trilogy of cases, the Supreme Court addressed and clarified the standards by which a district court should consider a Motion for Summary Judgment, as well as the burdens placed on both the moving and non-moving parties.  To prevail on this Motion for Summary Judgment, Defendants simply must show from the evidence of record that there is "no genuine issue as to any material fact." *Fed.R.Civ.Proc. 56.*  An alleged factual dispute will not defeat the Motion unless it is genuine  and material. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).*  Once the movants meet their burden of showing the absence of a factual dispute, the burden shifts to the non-movants to demonstrate by substantial evidence that there is an "outcome determinative" issue of fact in dispute. *Forsyth v. Barr, 19 F.3d 1527 (5th Cir. 1994).*  A party may not rest upon mere allegations or denials within the pleadings.  Where a party bears the burden of proof at trial, it must "...make a showing sufficient to establish the existence of each essential element to [its] case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Plaintiffs must present more than a scintilla of evidence to defeat a motion for summary judgment.  This evidence must do more than create a metaphysical doubt. *Matshushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986). Rather, Plaintiffs must produce evidence upon which a jury could reasonably base a verdict in their favor. *Anderson, supra.*  These decisions establish that the non-moving party has an affirmative obligation to produce facts specifically showing a genuine issue for trial in a summary judgment proceeding.

Defendants incorporate herein as if fully set forth at length Defendants THE PEP BOYS-MANNY, MOE & JACK OF CALIFORNIA, INC. and COOPER TIRE & RUBBER

---

COMPANY's Motion for Summary Judgment and Brief in Support which was received in

Civil Action No. B-99-101 on September 18, 2001 and is attached hereto as Exhibit "3".

Defendants further incorporate herein as if fully set forth at length Defendants THE PEP

BOYS-MANNY, MOE & JACK OF CALIFORNIA, INC. and COOPER TIRE & RUBBER

COMPANY's Supplemental Motion for Summary Judgment as to Ana Maria Turrubiates

and Brief in Support which was received in Civil Action No. B-99-101 on September 26,

2000 and is attached hereto as Exhibit "4". Defendants further incorporate herein as if

fully set forth at length the affidavit of Bruce A. Currie which is attached hereto as

Exhibit "5".

As set out in Exhibits "3" and "4" and in the affidavit of Bruce A. Currie (Exhibit

"5"), Plaintiffs have produced no evidence to support their claims. Finally, because

Plaintiffs are barred by the applicable statute of limitations regarding the above-

described claims, they cannot meet their burden to show a genuine issue of material

fact. Therefore, Defendants are entitled to summary judgment as a matter of law.

III.
**STATUTE OF LIMITATIONS AND ITS EFFECT ON A VOLUNTARY DISMISSAL**

If a suit is dismissed without prejudice, it renders the proceedings in that case a

nullity and puts the Plaintiff in the same legal position as if it had not filed the suit.

*Williams v. Clarke, 82 F.3rd 270, 273 (8th Cir. 1996); Beck v. Caterpillar, 50 F.3rd 405,*

*407.* If the Statute of Limitations has not run when the Plaintiff secures a voluntary

dismissal without prejudice under FRCP 41(a), the Plaintiff may re-file the suit. If the

statute of limitations has run when the Plaintiff secures a voluntary dismissal without

prejudice under FRCP 41(a), the Plaintiff cannot re-file the suit. *Beck v. Caterpillar,* 50 F.3rd at 407.

In the present case, the two year statute of limitations bars the negligence, gross negligence, strict liability and DTPA claims of both Salazar and Turrubiates.   In the Salazar case, the two year statute of limitations expired on May 23rd, 1999.   In the Turrubiates case, the two year statute ran on August 25, 2000.  The present lawsuit was initially filed on January 23, 2001, well outside the two year limitations period, and Plaintiffs' claims are barred as a matter of law.   Under §16.003 of the Texas Civil Practice and Remedies Code, the applicable statute of limitations for negligence, gross negligence or products liability causes of action is two years from the date of injury. Tex. Civ. Prac. & Rem. Code, §16.003.  The same is true for a DTPA cause of action under § 17.565 of the Business and Commerce Code.

## V.
## CONCLUSION

The limitations period bars the negligence, gross negligence, strict liability and DTPA claims of both Salazar and Turrubiates in this case.  Further, Plaintiffs have failed to produce any evidence to meet their burden of showing a genuine issue of material fact on any of their claims.  As such, Defendants' Motion for Summary Judgment on all of Plaintiffs' claims should be granted.

## VI.
## PRAYER

WHEREFORE, PRESMISES CONSIDERED, Defendant requests that this Court grant their Motion for Summary Judgment and that Defendant have such other and further relief to which it may show itself to be justly entitled.

Respectfully submitted,

**GARCIA & VILLARREAL, L.L.P.**
4401 North McColl
McAllen, Texas 78504
Telephone No.: (956) 630-0081
Telecopier No.: (956) 630-3631

By:_____
     Jose E. Garcia
     State Bar No. 07636780
     Francisco R. Villarreal
     State Bar No.:00789706
**ATTORNEYS FOR DEFENDANT**
**COOPER TIRE AND RUBBER**
**COMPANY AND PEP BOYS- MANNY,**
**MOE & JACK OF DELAWARE, INC.**

---

## CERTIFICATE OF CONFERENCE

I, the undersigned counsel with Garcia & Villarreal, L.L.P., counsel for Defendants in this matter, have attempted to contact Plaintiffs to no avail, but nevertheless assume that this Motion is opposed.

Francisco R. Villarreal

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent via certified mail and via regular mail on this the 9th day of May, 2001, to the following parties of record:

Albert Salazar (Pro Se)
654 Eastwood Ct.
Brownsville, Texas 78521

Ana Maria Turrubiates (Pro Se)
447 Rey Juan Carlos
Brownsville, Texas 78521

Greg W. Curry
THOMPSON & KNIGHT
1700 Pacific Avenue, Suite 3300
Dallas, Texas 78201

Francisco R. Villarreal

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PRO SE-ALBERT SALAZAR | § | |
| | § | |
| PRO SE-ANA MARIA TURRUBIATES | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-01-032 |
| | § | |
| THE PEP BOYS-MANNY, MOE & JACK | § | |
| OF CALIFORNIA, INC. CORNELL | § | |
| CORPORATION AND COOPER TIRE & | § | |
| RUBBER COMPANY | § | |

## AFFIDAVIT

STATE OF TEXAS      §
                                §
COUNTY OF HIDALGO   §

       Francisco R. Villarreal, being first duly sworn, deposes and says:

       A.     "I am over 18 years of age, have never been convicted of a felony and am competent to make this affidavit. The factual statements in this affidavit are based on my personal knowledge, and are true and correct to the best of my knowledge, unless otherwise indicated.

       B.     I am an attorney with the law firm of Garcia & Villarreal, L.L.P. and am counsel of record for Defendants in the above cause.

       C.     I am licensed to practice law in the State of Texas and in Federal Court in the Southern District of Texas.

       D.     I have read Defendants' Motion for Summary Judgment and Brief in Support and state to the best of my knowledge that the attachments found therein are true and accurate copies of what they purport to be."

---

Further, Affiant Sayeth Not.



_____
Francisco R. Villarreal

**BEFORE ME,** the undersigned authority, on this day personally appeared Francisco R. Villarreal, who identified himself to me and who, after being duly sworn, stated to me that the statements herein are true and correct.

**SUBSCRIBED AND SWORN TO BEFORE ME** this the ____ day of May, 2001.

_____
Notary Public in and for the State of Texas

My Commission Expires: _____

SUZANNE ROHR
Notary Public, State of Texas
My Commission Expires
JUNE 1, 2003

---

*SALAZAR v. COOPER*                    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND
                                       BRIEF IN SUPPORT - PAGE 11