21

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

AUG 3 0 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| ALBERT SALAZAR and ANA MARIA TURRUBIATES<br><br>Plaintiffs,<br><br>VS.<br><br>THE PEP BOYS-MANNY, MOE & JACK OF CALIFORNIA, INC., CORNELL CORPORATION, and COOPER TIRE & RUBBER CO.<br><br>Defendants. | §§§§§§§§§§§§§§§§ | CIVIL ACTION NO. B-01-032 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is Cornell Corporation's ("Cornell") Motion for Judgment on the Pleadings pursuant to FED. R. CIV. P. 12(c) or, alternatively, for Summary Judgment pursuant to FED. R. CIV. P. 56 (Docket No. 11), and The Pep Boys–Manny, Moe, & Jack of California, Inc. ("Pep Boys") and Cooper Tire & Rubber Company's ("Cooper") Motion for Summary Judgment under FED. R. CIV. P. 56 (Docket No. 12).

### FACTS

This is a products liability case arising out of two separate automobile accidents. Plaintiff Ana Maria Turrubiates and her two minor children were injured on August 25, 1998, after they were involved in a single vehicle rollover accident on Texas Highway 48. Plaintiff Albert Salazar was injured in a vehicle accident on May 23, 1997. Both of these plaintiffs raise negligence, gross negligence, and strict liability claims as well as Deceptive Trade Practices Act ("DTPA") claims under TEX. BUS. & COM. CODE ANN. § 17.50 (Vernon 1987). The plaintiffs allege that the Cornell

tires that Pep Boys installed on their vehicles and that Cooper manufactured were defective and unreasonably dangerous and proximately caused their injuries.

This case is a subsequent action to an original lawsuit[1] that was filed more than two years ago. A federal district court voluntarily dismissed the prior lawsuit on October 2, 2000. The plaintiffs subsequently re-filed this suit on January 23, 2001, in state court.[2] The defendants removed the action to federal court and now seek to dismiss the suit.

## SUMMARY JUDGMENT STANDARD

Summary judgment evidence is viewed in the light most favorable to the nonmovant. *Eastman Kodak v. Image Technical Servs.*, 504 U.S. 451, 456-58 (1992). Summary judgment is proper only when it appears that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). An alleged factual dispute will not defeat a motion unless it is genuine and material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "material" if it involves a fact that might affect the outcome of the suit under governing law. *Douglass v. United Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). Once the movant establishes the absence of a factual dispute, the burden shifts to the nonmovant to show that summary judgment is inappropriate.

The nonmoving party may not rest upon the mere allegations or denials of its pleadings. *Anderson*, 477 U.S. at 256. Instead, the nonmovant must "make a showing sufficient to establish the existence of each essential element of its case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). This evidence must do more than create a metaphysical doubt. *Matsushita Elec. Indus. Co.*

---

[1] The prior suit was originally filed in the 357th District Court of Cameron County, Cause No. 99-05-2325-E. It was subsequently removed to the United States District Court for the Southern District of Texas, Brownsville Division, Civil Action No. B-99-101. On October 3, 2000, the case was dismissed.

[2] The present suit was filed in the 197th District Court of Cameron County, Cause No. 2001-01-378-C.

*v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986). Unsubstantiated or conclusory assertions that a fact issue exists will not suffice. *Anderson*, 477 U.S. at 256.

### A.   *Cornell is Not a Proper Party to this Action*

The plaintiffs' original petition alleges that Cornell is "engaged in the business of distributing, selling, selecting, and installing tires." Cornell, however, is an oil and gas company and has nothing to do with the manufacture, distribution, sale, or distribution of tires. The plaintiffs previously made this judicial admission in their prior federal suit in a motion to dismiss Cornell from the action. Cornell deals in the exploration and production of oil and gas, and its business is neither directly or indirectly involved with the manufacture of tires. Any claims against Cornell should be dismissed because it is an improper defendant in this case.

### B.   *The Plaintiffs Have Failed to Designate an Expert or to Produce Any Evidence to Establish Their Claims*

To prove their claims, the plaintiffs must establish that the tires manufactured by Cooper were defective at the time the tires left the control of the manufacturer or seller and the defective tires were the proximate cause of their injuries. Despite having been ordered by the Court in the scheduling order and having been sent discovery requesting the identification and information relating to expert witnesses, the plaintiffs have not designated any expert on the issues of causation or liability. The plaintiffs have not produced evidence of a defect or even the tire itself. Summary judgment is proper for these reasons.

The plaintiffs have not discounted other possible causes for the alleged tire failure that resulted in the motor vehicle accidents in which they were involved. Tires fail from numerous causes have nothing to do with defect. *Sears, Roebuck & Co., Inc. v. Haven Hills Farm, Inc.*, 395 So.2d 991 (Ala. 1981); *Woelfel v. Murphy Ford Co.*, 487 A.2d 23 (Pa. Super. Ct. 1985); *Shramek*

*v. Gen. Motors Corp.*, 216 N.E.2d 244 (Ill. App. Ct. 1966); *Williams v. U.S. Royal Tires*, 101 So.2d 488 (La.App. 1958). In *Shramek*, the court held that because the plaintiffs could not produce the tire for examination to determine the cause of a blowout, the plaintiffs could never prove, directly or inferentially, a case of negligence, breach of warranty, or strict liability. *Shramek*, 216 N.E.2d at 247. The court concluded:

> The mere fact of a tire blowout does not demonstrate the manufacturer's negligence, nor tend to establish that the tire was defective. Blowouts can be attributed to myriad causes, including not only the care with which the tires are maintained, but the conditions of the roads over which they are driven and the happenstance striking of damaging objects.

*Id. See also Rhodes v. Int'l Harvester Co.*, 641 P.2d 906, 909 (Ariz. Ct. App. 1982) (affirming a directed verdict where plaintiffs failed to eliminate other plausible explanations for the tire failure). In this case, plaintiffs have not offered any expert witness opinions and will not properly be able to do so because at the 30-day prior-to-trial mark, they have not designated any experts despite a properly propounded discovery request. Furthermore, plaintiffs have failed to produce the tires which are allegedly the cause of the accidents, despite being ordered to do so. Because plaintiffs have failed to establish that a genuine issue of material fact exists as to causation and liability, Pep Boys's and Cooper's Motion for Summary Judgment on all of the plaintiffs' claims should be granted.

IT IS therefore **RECOMMENDED** that Cornell's Motion for Judgment on the Pleadings pursuant to FED. R. CIV. P. 12(c) or, alternatively, for Summary Judgment pursuant to FED. R. CIV. P. 56 be **GRANTED**. IT IS further **RECOMMENDED** that Pep Boys's and Cooper's Motion for Summary Judgment pursuant to FED. R. CIV. P. 56 be **GRANTED**. IT IS further **RECOMMENDED** that this case be **DISMISSED** in its entirety.

A party's failure to file written objections to the proposed findings, conclusions, and

recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 29th day of August, 2001.

John Wm. Black
United States Magistrate Judge

ClibPDF - www.fastio.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# -BROWNSVILLE DIVISION-

| | | |
|---|---|---|
| ALBERT SALAZAR and<br>ANA MARIA TURRUBIATES<br><br>    Plaintiffs,<br><br>VS.<br><br>THE PEP BOYS-MANNY, MOE &<br>JACK OF CALIFORNIA, INC.,<br>CORNELL CORPORATION, and<br>COOPER TIRE & RUBBER CO.<br><br>    Defendants. | §§§§§§§§§§§§§§ | CIVIL ACTION NO. B-01-032 |

## ORDER

Before the Court is Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation of August 29, 2001 should be **ADOPTED**.

IT IS **ORDERED** that Cornell's Motion for Judgment on the Pleadings pursuant to FED. R. CIV. P. 12(c) or, alternatively, for Summary Judgment pursuant to FED. R. CIV. P. 56 be **GRANTED**. IT IS further **ORDERED** that Pep Boys's and Cooper's Motion for Summary Judgment pursuant to FED. R. CIV. P. 56 be **GRANTED**. IT IS further **ORDERED** that this case be **DISMISSED** in its entirety.

DONE in Brownsville, Texas, on this _____ day of _____, 2001.

_____
Filemon B. Vela
United States District Court Judge